Iverslie vs. Spaulding.

IVERSLIE VS. SPAULDING.

TAX SALE. *Evidence of the posting of list of delinquent lands, and notice of sale.*

1. A failure of the county treasurer to post up copies of the statement of lands returned delinquent and notice of sale in the manner required by the statute invalidates the sale and a tax deed issued thereon. *Jarvis v. Silliman*, 21 Wis., 600, followed.

2. Where the *affidavit* of the treasurer on that subject does not show a proper posting of such notices, the fact that they were duly posted cannot be shown by parol at the trial of an action involving the validity of the tax title, as this would defeat the object of the statute in requiring such affidavit to be filed and preserved in the office of the clerk. Tay. Stats., ch. 18, §§ 137, 151. *Adams v. Wright*, 14 Wis., 408, distinguished.

APPEAL from the Circuit Court for *Waupaca* County.

Action for a trespass to certain lands in said county, alleged to belong to the plaintiff, in entering thereon and cutting down and carrying away timber etc. Answer, that the land, at the time mentioned in the complaint, belonged to and was in the possession of the defendants. The plaintiff claimed under a tax deed dated July 26, 1869. The defendants put in evidence the affidavit of publication of the notice of the tax sale of 1866, authenticating the same by the testimony of the clerk of the board of supervisors. The affidavit, omitting the formal part, signature and verification, was in these words: "Evan Cooledge, being duly sworn, deposes and says that he did, as the law required, put up four of the annexed notices in four

public places at least four weeks previous to the day of sale."
The plaintiff produced Evan Cooledge as a witness, and offered
to prove by him that he was county treasurer of said county
in 1866, and the person who made the sale, and that he posted
four notices prior to the sale, three in the county and one in
the most conspicious place in his office as the law directs; but
the evidence was rejected. The court instructed the jury that
the deed was void; the defendants had a verdict and judgment;
and the plaintiff appealed from the judgment.

*J. F. McMullen*, for appellant:

The affidavit of posting notices is made, by the statute, *pri-
ma facie* evidence of the facts therein stated (1 Tay. Stats., ch.
18, § 284); but it is not made the *only* evidence that the re-
quirements of the law have been complied with. The facts
may therefore be proved by the oral testimony of the officer,
either strengthening or contradicting the affidavit. 3 Stark.
Ev., 1044; *Carpenter v. Ely*, 4 Wis., 420; *Adams v. Wright*, 14
id., 408. In the present case, however, there was no attempt
to contradict the affidavit, but merely to strengthen the state-
ment therein contained that the treasurer did as the law re-
quired, by showing more fully what he did. 2. The farthest
that courts have ever gone is, to hold that where the law re-
quires the *proceedings* to be *recorded*, the title of the purchaser
must stand or fall by the *record* itself; oral evidence being in-
admissible where the officer omitted to record the originals, or
recorded them defectively. Blackw. on T. T. (ed. of 1864),
248, 512; *Massee Heirs v. Long*, 1–4 Ohio Cond. R., 364; *Miner
v. McLean*, 4 McLean, 138; *Coit v. Wells*, 2 Vt., 318, 319.
But where the record or document appointed by law is not a
part of the fact to be proved (*the proceeding itself*), but is merely
a collateral or subsequent memorial of the fact, it has not this
exclusive character, but any other legal proof is admitted.
1 Greenl. Ev. (4th ed.), § 86.

*E. L. Browne*, for respondent, contended that the affidavit of
posting notice of sale was fatally defective (Laws of 1859,

ch. 22, sec. 3; *Jarvis v. Silliman*, 21 Wis., 600); and he cited the provisions of secs. 5 and 15, ch. 22, Laws of 1859, in regard to depositing and preserving the affidavit in the office of the clerk of the county supervisors, as showing that the legislature did not intend to permit the evidence of the facts to rest in parol.

COLE, J. It is conceded by the counsel for the plaintiff that the affidavit of the county treasurer of the posting of a statement of the returned delinquent lands and notice of sale was defective. The law required the treasurer to cause the notice of sale, with such statement, to be published in some newspaper as therein designated (sec. 133, ch. 18, Tay. Stats., p. 427), and also, at least four weeks previous to the day of sale, to post up copies of said statement and notice in four public places in the county, one of which copies should be posted up in some conspicuous place in his office. The affidavit fails to show that this was done, and the tax deed therefore was invalid within the decision of *Jarvis v. Silliman*, 21 Wis., 600. But in this case the plaintiff offered to prove by the county treasurer who made the sale, that he did in fact post four notices prior to the sale, three in the county, and one in the most conspicuous place in his office, as the law directs. And the only material question in the case is, whether the court was right in excluding this evidence, and in holding that it was not competent to prove by parol evidence that the officer complied with the law in regard to the posting of the notices.

We are inclined to think that the evidence offered was properly excluded. The law made it the duty of the county treasurer to make an affidavit of the posting of such statement and notice, which, together with the affidavit of the publication, was to be carefully preserved by him, and immediately after the close of the sale deposited in the office of the clerk of the board of supervisors of his county. (Secs. 137 and 151, ch. 18, Tay. Stats.) These were to be filed and preserved by the clerk in his office,

and they were made *prima facie* evidence of the facts therein stated in all judicial proceedings. (Sec. 284.) Now the object of these provisions, in thus requiring these affidavits to be filed and preserved in the office of the clerk, doubtless was, to enable all persons interested in the matter to ascertain from them whether the law in regard to the posting and publication of notice of sale had been complied with. It was to perpetuate this evidence, and was intended to be for the common benefit of the purchaser and former owner. These affidavits were to remain on file, and take the place of a record which might be examined by any one to see what the proof was upon these points. And if this was the object of the statute in requiring these affidavits to be filed and preserved, then it is very clear that parol evidence would be inadmissible to cure defects in them, or aid them by showing that notices were actually posted according to law. The case seems to fall strictly within the reason and doctrine of the decisions to which we are referred on the brief of counsel, arising under statutes which require the tax proceedings to be recorded, and is governed by analogous principles. Those cases hold that the record alone can be resorted to for the purpose of determining whether the requirements of the statute have been complied with, and that the introduction of parol evidence in aid of the record thus required to be made, would defeat the policy of the law. Blackwell on Tax Titles, pp. 248-9, and authorities cited in note one.

The counsel for the plaintiff conceded that if the defect related to any matter which the statute required should be recorded, then parol evidence would be inadmissible to supply the omission. But we think the same rule should be applied to the affidavits, under the circumstances, that would apply to a statement which the law required should be recorded. For these affidavits constituted in fact a part of the record of the tax proceedings, and may have been examined by the original owner, who failed to redeem solely for the reason that he discovered there was no record evidence that any proper notice of

sale had been given by the county treasurer. If this view of the statute be correct, then it is very manifest that the case of *Adams v. Wright*, 14 Wis., 408, has no application to it. Here the facts in respect to posting the notices of sale must be shown by the affidavit which the law requires shall be made and filed; there the notary could himself prove demand and notice of dishonor of the note. The affidavit is made the exclusive evidence of the facts in regard to posting the notices.

In this case the court directed the jury that the proof showed that the notice of sale upon which plaintiff's tax deed issued was not given as required by law, and that therefore the deed was void. This direction was correct upon the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.