## Howe vs. Genin.

*February 26 — March 13, 1883.*

*Tax deed — Affidavit of non-occupancy.*

1. The "period of thirty days," mentioned in sec. 1175, R. S., means thirty consecutive days.
2. An affidavit, under that section, made August 1st, stating that " the lot and pieces or parcel of land enumerated and described below [a specific description of three forty-acre tracts adjoining each other, following] is not now and has not been within the last six months, in the possession of any person for the period of thirty days," sufficiently shows that none of the tracts described had been occupied for thirty consecutive days within the six months immediately preceding August 4th. *Dreutzer v. Smith,* 56 Wis., 292.
3. Such affidavit of non-occupancy may be made by a person other than the owner and holder of the certificates of the sale upon which the tax deed is applied for.

APPEAL from the Circuit Court for *Door* County.

The case is thus stated by Mr. Justice CASSODAY:

" This is an action of ejectment brought by the original owner against the defendant, who was in possession under a tax deed of three forties, or one hundred and twenty acres, of land lying in one body. A jury was waived, and after trial the court found as matters of fact, in effect, that the tax deed was issued to the defendant August 4, 1881, on his affidavit of non-occupancy made August 1, 1881, set out in full in the findings, and which deed was recorded August 5, 1881. The court found as conclusions of law, in effect, that the affidavit

of non-occupancy was sufficient in form, and in compliance with the law in relation thereto; that the tax deed was regular on its face, and a good and valid deed, conveying all the right and title in and to the land to the defendant, who thereupon became the owner in fee simple thereof, and entitled to the possession thereof; that the statute of limitations had run on the certificates of sale, but not on the deed; and that the defendant was entitled to judgment accordingly, with costs, which was thereupon entered, and from which this appeal is brought."

For the appellant the cause was submitted on the brief of *O. E. Dreutzer.*

For the respondent there was a brief signed by *Hastings & Greene,* of counsel, and oral argument by *Mr. Hastings.*

CASSODAY, J. The only question presented by the record is whether the affidavit of non-occupancy was sufficient. The statute provides, in effect, that in no case shall any tax deed be issued upon a tax certificate, upon land not occupied, unless proof be filed with the officer issuing the deed that such land was not occupied or possessed for the period of thirty days, as thereinbefore specified; that is to say, "*for the period of thirty days* or more *at any time* within the six months immediately preceding the time when the tax deed upon such sale shall be applied for." Sec. 1175, R. S. We are clearly of the opinion that the thirty days therein mentioned mean thirty consecutive days. The affidavit states, in effect, that the lot and pieces or parcel of land described was not, at the time of making the affidavit, in the possession or occupancy of any person, and had not been at any time for the period of thirty days within the six months immediately preceding. These things being so, and the statute requiring such possession to be for thirty continuous days, it is very evident that no such possession could be had for that period prior to the issuing of the deed. The words of the affidavit, "that the lot and pieces or parcel of land enumerated and

described below," followed with a specific description of each of the three forties adjoining each other and included in the certificates and deed, were sufficiently definite to show that none of the forties were occupied or possessed for the period mentioned, within the rule adopted in *Dreutzer v. Smith*, 56 Wis., 292. As there stated, if the land had in fact been occupied, it might easily have been shown in defense. It is true, we held in *Potts v. Cooley*, 51 Wis., 354, that the person giving notice to the occupant of the land of application for a tax deed, must state in the notice that he is the owner of the tax certificate, as required by the above section; but we do not think that the affidavit of non-occupancy must necessarily be made by such holder, much less that he must state that he is such. The reason for requiring such statement in the former case, obviously, has no application in the latter. This being so, it becomes immaterial whether the certificates had been actually assigned to the defendant at the time of making the affidavit or not.

*By the Court.*— The judgment of the circuit court is affirmed.