Pier, Respondent, vs. Prouty, Appellant.

*October 19 — November 3, 1886.*

Tax Titles: Parties: Practice. *(1) Married woman: Evidence of ownership of tax certificate. (2, 3) Sale of several tracts together: Irregularities when available: Pleading. (4) Evidence of payment: Stub-book. (5) Trial: Jury in equity case. (6) Findings embodied in judgment.*

1. In an action by a married woman to foreclose a tax certificate which had been issued to her husband and indorsed by him, she testified that she was the owner and holder of the certificate at and since the commencement of the action; that she paid the county treas-

Pier vs. Prouty.

urer therefor the amount therein stated; and that for several years she had dealt in tax certificates; and had foreclosed some. *Held*, that it sufficiently appeared that she was the owner of the certifi-cate, and hence that the action was properly brought in her name.

2. The sale of several government subdivisions of land together for taxes. if irregular, does not go to the validity of the assessment and affect the groundwork of the tax, within the meaning of sec. 3, ch. 309, Laws of 1880.

3. In an action to foreclose a tax certificate the defendant cannot avail himself of irregularities not going to the validity of the assessment and affecting the groundwork of the tax, without paying or offering to pay the amount for which the land was sold, together with the amount subsequently paid for taxes, and interest, as required by sec. 4, ch. 309, Laws of 1880. [Whether the defendant can raise the question of such irregularity without asking, by way of counterclaim, to set aside the sale or cancel the certificate, not determined.]

4. In an action to foreclose a tax certificate the town treasurer's stub-book is not admissible to show that the taxes in question were paid.

5. Where in an equity case the trial court makes findings of its own, the impaneling of a jury, the direction of a verdict, and the refusal to submit certain questions to the jury, are without significance.

6. The fact that the findings of the trial court are embodied in the same paper with the judgment is not ground for the reversal of the judgment.

APPEAL from the County Court of *Winnebago* County. The case is thus stated by Mr. Justice CASSODAY:

"This action was commenced August 4, 1885, for the foreclosure of a tax certificate dated May 11, 1880, and given on a sale made on that day to C. K. Pier, with his name indorsed on the back. Notice of *lis pendens* was filed August 6, 1885. The complaint is in the usual form, and prays for a foreclosure and sale of the lands described as in case of the foreclosure of mortgages on real estate, and is verified. The verified answer was, in effect, a general denial, that the alleged taxes were paid, and that the certificate was issued through fraud, accident, and mistake. Without objection from any one, the cause was tried by a jury, and at the

close of the trial the court directed a verdict for the plaintiff, and the defendant excepted, and then requested the court to leave to the jury the question of the payment or nonpayment of the taxes of 1879 by the defendant, which was refused. Thereupon the court found, and embodied its findings in the judgment, to the effect that the lands described in the certificate were duly sold to C. K. Pier, May 11, 1880, for the nonpayment of the unpaid taxes, interest, and charges thereon for the year 1879 for $13.87, and said certificate issued thereon, and that the same was, at the commencement of this action, held and owned by the plaintiff as assignee of C. K. Pier; that said lands were not redeemed from such sale, but there was due on said certificate at the time of the trial, February 24, 1886, $33.93; that the allegations of the complaint were true and had been sufficiently proven; and, as conclusions of law, that the plaintiff was entitled to the relief demanded in her complaint. Thereupon judgment of foreclosure and sale was entered accordingly, from which the defendant appeals."

For the appellant there was a brief by *D. Babcock*, and oral argument by *A. L. Sanborn*. To the point that the plaintiff must show that she bought the tax certificate from her husband, C. K. Pier, with her own separate funds, they cited *Carpenter v. Tatro*, 36 Wis. 297.

*C. K. Pier*, for the respondent.

CASSODAY, J.    1. We think the evidence was sufficient to show that the plaintiff was the owner of the certificate before the commencement of this action, and hence that the action was properly brought in her name, even upon the assumption that she was at the time of such purchase a married woman. She testified without objection, in effect, that she was the owner and holder of this certificate at the time of the commencement of the action and since; that she paid the county treasurer therefor the amount therein stated;

that since 1881 she had dealt in tax certificates and foreclosed some. The tax certificate in question had been properly indorsed by C. K. Pier. It has been held by this court that in an action to foreclose such tax certificate the plaintiff makes out a *prima facie* case by simply introducing the certificate in evidence. Sec. 1181, R. S.; *Manseau v. Edwards*, 53 Wis. 460. We must hold that the plaintiff's title to the certificate sufficiently appeared.

2. It is claimed that the tax certificate is void on its face for non-conformity with the statute. Secs. 1136, 1140, 1165, 1167, R. S. The certificate purports to be upon the sale of two eighties and a forty adjoining each other, but does not show that they were separately sold, nor the amount bid on each tract, but simply that they were all sold for the amount stated. Assuming, for the purposes of this case, that the sale of all the five forties together was irregular, notwithstanding other provisions of the statute (sec. 1048), does it follow that such irregularity is available to the defendant in this case? As stated on the argument, the defendant's right to raise the question was not barred by sec. 1210*d* or sec. 1210*e*, as neither of those sections was applicable to the case. Ch. 309, Laws of 1880, went into effect just before the tax sale in question. The third section of that act provides that "every action or proceeding to set aside any sale of lands for the nonpayment of taxes, or to cancel any tax certificate, or to restrain the issuing of any tax certificate or tax deed, for any error or defect *going to the validity of the assessment, and affecting the groundwork of such tax*, shall be commenced within *one year* from the date of such tax sale, and not thereafter: *provided* that, in case of sales for the nonpayment of taxes made prior to the taking effect of this act, the action, if not already barred, must be commenced within one year after this act takes effect, and not thereafter." That section was obviously enacted for the purpose of providing a short limitation of one year to subsequent

sales in the class of cases therein mentioned, and which had previously been covered by sec. 1210e, R. S. If the objection here made went "to the validity of the assessment" and affected " the groundwork of such tax," then it would clearly come within the one-year limitation, and hence all controversy respecting it would have been barred. *Prentice v. Ashland Co.* 56 Wis. 345; *Ruggles v. Fond du Lac Co.* 63 Wis. 205. But we are forced to the conclusion that the objection here made did not go to the validity of the assessment nor affect the groundwork of the tax, and hence did not come within the provisions of sec. 3. *Urquhart v. Wescott,* 65 Wis. 135. The objection merely went to the regularity of the sale.

Sec. 4, ch. 309, Laws of 1880, however, provides that "in every action brought to set aside any sale of land for the nonpayment of taxes, or to cancel any tax certificate, or to restrain the issuing of any tax deed upon any ground whatever *not* going to the validity of the assessment and affecting the groundwork of such tax, the plaintiff, if he show himself otherwise entitled to judgment, *shall*, before the entry thereof, within a reasonable time to be fixed by the court, pay into court, for the person or persons claiming under such tax sale or tax certificate, the amount for which such land was sold and the amount paid by such person or persons for taxes assessed upon the premises subsequent to such sale, *with interest* on all such amounts at the rate of twenty-five per cent. per annum from the time of payment until the said money be so paid into court; and in default of such payment within the time so fixed the defendant shall have judgment in the action." This section was manifestly to obviate the necessity of a reassessment in case of such mere irregularities, and to secure the payment of the taxes by the land-owner. Whether a defendant in such action can raise the question of such irregularity without asking, by way of counterclaim, to set aside the sale or cancel

the certificate, is unnecessary to determine, since here no such payment was made nor pleaded nor offered, nor time to make the same asked for upon the trial. Manifestly the defendant comes too late with this objection.

3. The defendant was a brother of the town treasurer. He claims to have paid him a part of his taxes and to have made an arrangement with him to pay the balance. The evidence as to payment is not such as to authorize us to disturb the finding that the taxes in question were never paid nor redeemed. The town treasurer's stub-book, which was excluded, was clearly incompetent.

4. This was an equity case. There was no right of trial by jury. There was no objection made to the calling of a jury. The direction of a verdict for the plaintiff, and the refusal to submit the question of payment to the jury, were without significance. The court made findings of its own. The mere fact that they were embodied in the same paper with the judgment, assuming it to be irregular, affects no substantial right and must therefore be disregarded. Sec. 2829, R. S.

*By the Court.*— The judgment of the county court is affirmed.