RAMSAY, Respondent, vs. HOMMEL, Appellant.

*December 21, 1886 — January 11, 1887.*

*Tax titles: Proof of publishing and posting notice of sale: Limitation of actions.*

1. An affidavit of the publisher of a newspaper, made May 7, 1880, that the notice of a tax sale "was published in said newspaper for the period of five weeks, commencing on the 9th day of April, 1880," does not show that it was published *once in each week for four successive weeks,* as required by sec. 1130, R. S.
2. An affidavit of the posting of the notice of a tax sale in four specified places, "the same being four public places in the village of

Neillsville," etc., does not show that it was posted in four public places in the *county*, within the meaning of sec. 1130, R. S.

3. The limitation of sec. 3, ch. 309, Laws of 1880, is available only as to errors or defects going to the validity of the assessment and affecting the groundwork of the tax.

APPEAL from the Circuit Court for *Clark* County.

The case is thus stated by Mr. Justice CASSODAY:

" The plaintiff in this action of ejectment, commenced May 24, 1883, claims title to the premises in question under three tax deeds,— one executed and recorded January 23–24, 1877; one May 12–13, 1880, on sale of 1877; one May 29, 1882, on sale of 1879.  The defendant answered by way of a general denial and a claim of being the owner in fee in possession; and relied upon a tax deed regular upon its face, executed to him and recorded May 14, 1883, on the tax sale of 1880 for the tax of 1879.

" On the trial, September 8, 1884, the court directed a special verdict for the plaintiff, subject to the opinion of the court on questions of law involved.  November 28, 1885, the court, having considered such questions of law, ordered, in effect, that judgment be entered in favor of the plaintiff and against the defendant on the verdict and in accordance therewith; but upon the condition that such order should be void and of no effect unless the plaintiff, within ninety days from that date, paid to the defendant the amount for taxes and interest his due thereon, which amount was tendered by the plaintiff within the time; and thereafter, and January 8, 1886, judgment was entered upon said verdict in favor of the plaintiff and against the defendant in pursuance of said order; from which judgment the defendant appeals."

For the appellant there was a brief by *B. F. French* and *Ring & Youmans*, and an oral argument by *Mr. Ring*.

*R. J. MacBride*, for the respondent, to the point that proof that a notice was published for thirty days commencing at a named date is not sufficient to show compliance with a

statutory requirement that such notice shall be published once a week for four weeks, cited *Prince George Co. v. Clarke*, 36 Md. 206; *Nelson v. Pierce*, 6 N. H. 194; *Magruder v. Esmay*, 35 Ohio St. 221; *City R. Co. v. Chesney*, 30 Kan. 199; *Eaton v. Lyman*, 33 Wis. 34; 2 Desty on Taxation, 836.

CASSODAY, J. It is conceded that the plaintiff has a perfect title to the land in question, unless it is cut off by the tax deed issued to the defendant.   The sale upon which the deed was issued occurred subsequently to the enactment of chapters 305, 309, Laws of 1880, and, of course, is subject to their provisions.   The limitation of one year prescribed by sec. 3, ch. 309, Laws of 1880, even had it been pleaded, would only have been available to the defendant as to such errors or defects, if any, as went to the validity of the assessment and affected the groundwork of the tax. *Pier v. Prouty*, 67 Wis. 218.

Among the irregularities here complained of is that the affidavit of the publisher and the printer of the newspaper in which the statement and the notice of sale was published, was sworn to May 7, 1880, and simply stated that the notice " was published in said newspaper for the period of five weeks, commencing on the 9th day of April, A. D. 1880." This covered a period of just twenty-eight days.   The statutory requirement was that such "statement and notice shall in all cases be published *once in each week*, for four *successive* weeks prior to" the sale.   Sec. 1130, R. S.   Manifestly, the affidavit failed to show that the statement and notice were published once in each week during the time. The right to sell at all depended in part upon the compliance with this section.

This section also required, in effect, that the treasurer should, at least *four* weeks previous to the day of sale, cause to be posted up copies of said statement and notice in at

least four public places in such *county*, one of which copies was to be posted up in some conspicuous place in his office. Here the affidavit of the deputy county treasurer was to the effect that he did, April 10, 1880, post up said statement and notice "in the following places, to wit: One copy in a conspicuous place in the county treasurer's office; one copy in a conspicuous place in the post-office; one copy in a conspicuous place in the office of the O'Neil House; one copy in a conspicuous place in the office of the Rosman House,— the same being four public places in the village of Neillsville," etc. That affidavit was sworn to April 12, 1880. From this it appears that such posting up of the notice was not only one day short, but, as indicated in *Hilgers v. Quinney*, 51 Wis. 70, 71, is open to the objection that, while the three places named outside of the treasurer's office may have been public places so far as the village was concerned, they were not necessarily public places so far as the whole county was concerned, within the meaning of the statute. As there said, the statute "is mandatory and imperative." Being in derogation of the common law, it must be strictly pursued, or the title of the lawful owner will not be divested and transferred to another. *Potts v. Cooley*, 51 Wis. 355. The treasurer was required to carefully preserve the proofs of the compliance with the requirements of the section in the particulars named, and deposit the same in the office of the county clerk, to be filed and preserved therein. Secs. 1132, 1141, R. S.

These irregularities in the sale were sufficient to avoid the tax deed issued to the defendant thereon. As they did not go to the validity of the assessment and affect the groundwork of the tax, they were not cured by the limitation of ch. 309, Laws of 1880. *Pier v. Prouty, supra.* This being so, and the plaintiff having failed to show affirmatively that the land was not liable to taxation, or that the taxes had been paid or the land redeemed, the trial court properly

ordered the plaintiff to repay the amount paid, with interest, less the damages awarded, as provided, as a condition precedent to entering judgment against the defendant. Sec. 3087, R. S.; ch. 305, Laws of 1880. The plaintiff having made such payment, or rather tendered the same, which we presume has been kept good, the plaintiff was entitled to judgment.

*By the Court.*— The judgment of the circuit court is affirmed.

