Morrow vs. Lander.

MORROW, Respondent, vs. LANDER, Appellant.

*May 1 — May 20, 1890.*

(*1*) *Appeal: Bill of exceptions.*  (*2–4*) *Tax titles: Defect in proof of post-ing notices: Payment of taxes as condition precedent to relief: Lim-itation of actions.*

1. Where there is no bill of exceptions this court will assume that there was evidence sustaining all the findings of fact by the trial court and disproving all inconsistent inferences.
2. Failure of the proof of posting notices of a tax sale to show that one of such notices was posted in a conspicuous place in the county treasurer's office, invalidates a tax deed issued upon such sale.
3. In an action to set aside a tax deed for such defect, it was not error to refuse to require the plaintiff to pay into court the amount of taxes assessed upon the land *prior* to the sale in question.
4. The limitation prescribed by sec. 3, ch. 309, Laws of 1880, does not apply to an action to set aside a tax deed on that ground.

APPEAL from the Circuit Court for *Brown* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is a bill in equity, commenced December 19, 1888, to set aside a tax deed obtained by the defendant from Brown county, November 7, 1888, for the tax of 1884 and sale of 1885, of a lot in Green Bay belonging to the plaintiff, and as a cloud upon his title. The complaint alleges several defects in the tax proceedings, by reason of which it was claimed that said tax deed was illegal and void, and also alleges a tender to the defendant of $91.72 on account of payment made on said sale and taxes on said lot subsequently thereto. The answer consists of denials and admissions, and pleads the one year statute of limitation.

At the close of the trial the court found, as matters of fact, in effect, that the plaintiff was the owner of the lot described during the times in question; that said lot was assessed in 1884, and said tax thereon returned as delin-quent; that the same was sold to the defendant, May 19,

1885, for an amount stated; that the tax deed in question was issued by said county to the defendant, on said sale, November 7, 1888; that May 20, 1885, the county treasurer filed in the office of the county clerk an affidavit of the posting of notices of said tax sale; that said affidavit failed to state that the county treasurer posted, or caused to be posted, one of said notices in a conspicuous place in the county treasurer's office, and that no other affidavit was filed showing the posting of such notice; that the defendant had paid taxes assessed and levied on said lot since said sale: $18.27, April 30, 1887; $19.49, March 20, 1888; $18, December 21, 1888; that December 19, 1888, the plaintiff duly tendered to the defendant the sum of $91.72, that being the amount of the taxes paid by the defendant before the commencement of this action, as stated, and the amount paid by him on said tax sale, together with interest on all said sums at the rate of twenty-five per cent. from the date of the respective payments, together with all expenses incurred by the defendant in taking out and recording said tax deed; that, at the time of making said tender, the plaintiff requested the defendant to execute to him a release of his interest in said lot by virtue of said tax deed; that the defendant refused to accept said tender, and refused to execute said release; that upon the day of the trial of this action, and before the commencement thereof, the plaintiff deposited the amount of such tender with the clerk of the court.

And as conclusions of law the court found that said affidavit of the posting up of notices of the tax sale for the year 1885 was and is fatally defective; that said tax deed is void, and a cloud on the plaintiff's title to the land described; that the plaintiff is entitled to judgment against the defendant, decreeing that said tax deed be set aside as null and void, with costs and disbursements; that within ten days the plaintiff should pay into court for the defend-

Morrow vs. Lander.

ant the sum of $18, with interest thereon at the rate of twenty-five per cent. from December 21, 1888, to the day of such payment, and also interest upon said sums of $20.25, $18.27, and $19.49 from December 19, 1888, at the rate of twenty-five per cent. to the day of such payment, and in default of such payment at the time fixed, as aforesaid, the defendant have judgment therein.

The plaintiff having made such payments, judgment was entered upon said findings in favor of the plaintiff and against the defendant, March 3, 1889. From that judgment the defendant appeals.

The cause was submitted for the appellant on the brief of *W. J. Lander*, and for the respondent on that of *Vroman & Sale*.

CASSODAY, J. There is no bill of exceptions. This being so, we must assume not only that there was evidence to sustain each and all the findings of fact, but also evidence disproving any and all inconsistent inferences. The finding to the effect that there was no proof that the requisite notice of sale was posted " in a conspicuous place in the county treasurer's office," was a fatal defect, and necessarily invalidated the tax certificate and deed in question. Sec. 1130, S. & B. Ann. Stats.; *Hilgers v. Quinney*, 51 Wis. 63; *Ward v. Walters*, 63 Wis. 43; *Ramsay v. Hommel*, 68 Wis. 12; *Morris v. Carmichael*, 68 Wis. 133; *Wis. Cent. R. Co. v. Wis. R. L. Co.* 71 Wis. 105, 106. This being so, and unless barred by the statute of limitations pleaded, the plaintiff had the right to maintain this action to remove the tax deed and certificate as clouds upon his title, upon the conditions prescribed by ch. 309, Laws of 1880 (S. & B. Ann. Stats. sec. 1210h). Since the defect mentioned did not go to the validity of the assessment nor affect the groundwork of such tax, the plaintiff was required, as a condition precedent to the entry of judgment in his favor, to pay

Morrow vs. Lander.

into court for the defendant the amount for which such land was sold, and the amount paid by him "for taxes assessed upon the premises *subsequent* to such sale, with interest on all such amounts at the rate of twenty-five per cent. per annum from the times of payment until the said money be so paid into court." Secs. 4, 5, ch. 309, Laws of 1880. Such payment was required by the court, and paid by the plaintiff. There was no error in the refusal of the court to require, as a further condition precedent to the rendition of such judgment, that the plaintiff should also pay into court other taxes assessed on said lot *prior* to said sale, for the simple reason that such additional payment was not required by the statute.

The one year statute of limitation, pleaded by the defendant, simply requires that every action for canceling such tax deed or certificate, and removing the same as clouds upon the title, "for any error or defect going to the validity of the assessment and affecting the groundwork of such tax, shall be commenced within one year from the date of such sale, and not thereafter." Sec. 3, ch. 309, Laws of 1880. But this court has frequently held that where, as here, the error or defect does not go to the validity of the assessment nor affect the groundwork of such tax, the limitation mentioned has no application. *Urquhart v. Wescott,* 65 Wis. 135; *Pier v. Prouty,* 67 Wis. 218; *Ramsay v. Hommel,* 68 Wis. 12; *Morris v. Carmichael,* 68 Wis. 133; *Wis. Cent. R. Co. v. Wis. R. Land Co.* 71 Wis. 106. It follows that such statute was no bar to this action.

*By the Court.*— The judgment of the circuit court is affirmed.