MYRICK, Appellant, vs. KAHLE and wife, Respondents.

*November 19—December 11, 1903.*

*Deeds: Covenants of warranty: After acquired title of grantor: Tax titles: Posting notices of tax sale: "Public places": Affidavit of posting: Insufficiency: Amendment of affidavit: Evidence.*

1. E., the holder of certain tax deeds and certificates, conveyed to M., the holder of the original title, such deed containing the following grant: "To have and to hold the aforesaid premises . . . unto the said M., heirs and assigns, and to his and their sole use forever so that neither I, the said E., nor my heirs nor any person or persons claiming by, through or under us, or them shall at any time hereafter by any way or means have, claim or demand any right, title, interest or estate by, in or to any part or parcel thereof, forever." E. afterwards obtained a tax deed under a tax certificate he held at the time of such conveyance. *Held*, that such interest as E. acquired under such tax deed inured to M. under E.'s deed.

2. M., the holder of the original title to certain lands, had acquired the interest therein of E., the holder of certain tax titles, by a conveyance containing covenants of warranty. E. afterwards obtained other tax titles which inured to the benefit of M. under such covenants. *Held*, that such facts established sufficient title in M. to enable him to maintain an action to set aside tax deeds held by third parties.

3. Sec. 1130, Stats. 1898, requires that the county treasurer, before any tax sale, post up notices thereof in at least four *public places* in his county, and sec. 1132 provides for proof thereof, by affidavit, to be preserved and filed in the office of the county clerk. An affidavit made by such an officer omitted to state in what county such posting was done, but stated that notices were posted "in a conspicuous place" at the corner at the intersection of designated streets of a city, naming five such corners. *Held:*

    (1) That the affidavit was defective in omitting to state in what county such posting was had.

    (2) That *a conspicuous place* at a street corner is not necessarily a *public place* within the calls of the statute.

    (3) That the irregularities and omissions in the affidavit rendered the sale and tax deed issued thereon void.

4. In such case, after the record had been made up and filed, the county treasurer cannot amend the affidavit for the purpose of showing compliance with the statute in the posting of notices, and it is error to receive such amended affidavit in evidence.

APPEAL from a judgment of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Reversed.*

Appellant was the original patentee of a body of land which included the lots in controversy. The patent was issued November 1, 1849, and recorded May 25, 1859. From the time of the issuance of the patent, and until 1858, the land was platted, the plat recorded, and there were various transfers of undivided parts of the land and some transfers of particular parts. In some of the deeds there were reservations which were not in others, and some of the descriptions of the lines were faulty and indefinite. This involved state of the title resulting from these descriptions was remedied by the decree of court in a partition suit rendered on November 22, 1858. The land was then allotted among the various

owners, and among the lots received by appellant were the
lots in controversy. Thereafter several tax certificates and
tax deeds were issued on these lots to B. E. Edwards before
1885. On August 24, 1885, Edwards and his wife, then
the holder of tax deeds to certain of these lots and of a tax
certificate upon lots 21 and 22 in block 4, deeded their in-
terest to appellant. The following was a provision of the·
deed:

"To have and to hold the aforesaid premises with all the
privileges and appurtenances thereunto belonging or in any
way appertaining unto the said *Nathan Myrick,* heirs and
assigns, and to his and their sole use forever so that neither·
I the said B. E. Edwards nor my heirs nor any person or
persons claiming by through or under us or them shall at
any time hereafter by any way or means have claim or de-
mand any right, title, interest or estate by in or to the afore-
said premises or appurtenances or to any part or parcel there-
of, forever."

In 1891 Edwards obtained a tax deed to lots 21 and 22,
block 4, on the tax certificate issued in 1885, which he held·
when he made the deed. May 28, 1898, a tax deed was
issued to Charles E. Servis of all the lots in dispute. Servis
conveyed to Charles Smith, Jr., by whom the lots were con-·
veyed to respondent *John H. Kahle,* who, with co-respond-
ents, claims under this tax deed. The affidavit of the city
treasurer of the posting of the notice of sale upon which this·
deed was issued is dated April 22, 1895, and does not state
that the notices were posted in the county and city of La
Crosse, and it also fails to state that the places of posting
were "public places." [1] The affidavit states:

"Said notices were posted in a conspicuous place on the
following places, to-wit: One in the office of city clerk; one·

---

[1] Under the then charter of La Crosse (sec. 18, subch. VII, ch. 135,
Laws of 1875), the proceedings on tax sales were conducted by the·
city treasurer, and records preserved in the office of the city clerk,
in the same manner as prescribed by the general laws of the state,
instead of by the county officers.—REP.

in the office of city treasurer; one on the southeast corner of Fourth and Jay streets; one on the southwest corner of Fifth and Market streets; one on the southwest corner of West avenue and Pine street; one on the southwest corner of ·George and Rublee streets; one on the southeast corner of Car and Mill streets."

The treasurer, after his term of office had expired, made a new affidavit, in which these omissions were supplied. This affidavit was made on the 7th day of May, 1901, and was filed on the day before the trial of this action. The judgment of the lower court was in defendants' favor, upholding the validity of the tax deed. From that judgment this appeal is taken.

For the appellant there was a brief by *Winter & Esch,* and ·oral argument by *Frank Winter.*

For the respondents there was a brief by *Higbee & Bunge,* .and oral argument by *George Bunge.*

SIEBECKER, J. Respondents urge that appellant has failed to show sufficient grounds upon the record to entitle him to prosecute this action. It is not suggested in what respect ·appellant's record title to the property in question fails, aside from respondents' tax title, unless it be in the description in the conveyances offered in evidence, as being so indefinite that it could not be ascertained whether the lots to which re-·spondents claim title in this action are included. The lots described in the complaint were set off to appellant by judgment of court in a partition suit between him and the other owners November 27, 1858. Whatever interest he lost thereafter by tax sales and other conveyances was reconveyed to him by deed from Edwards and wife August 24, 1885. Such interest as Edwards may have acquired by the tax deed of 1891, on the tax sale of May, 1885, inured to the benefit of appellant under the covenant in the deed of August, 1885. This establishes sufficient title in appellant to maintain this :action.

The question, then, arises, is the tax deed upon which respondents rely for their title valid? Sec. 1130, Stats. 1898, requires that the county treasurer shall at least four weeks previous to the day of sale cause to be posted up copies of a notice of sale and statement of the lands upon which taxes have been returned as delinquent and remaining unpaid "in at least four public places in such county, one of which shall be posted up in some conspicuous place in his office." Proof of such posting is required (sec. 1132, Id.) to be made by affidavit, which affidavit, together with the affidavit of publication of such notice, shall be preserved by him, and deposited in the office of the county clerk, who shall file and preserve them (sec. 1141, Id.). The object of these provisions is to preserve the evidence of these facts for the benefit and protection of interested parties. The affidavit of posting notices for the tax sales in 1885 upon which respondents' deed is predicated does not state that they were posted in either the county or city of La Crosse, and describes the places where such notices were in fact posted as "in a conspicuous place," naming the offices of the treasurer and clerk of the city, and "one on the front door of St. Cloud Engine House," "one on the southeast corner of Fourth and Jay streets," and five others, one each on the corner of two streets designated by name and located as in the last above description. The provision of the statute requiring an affidavit of the county treasurer showing that such notices were posted in at least "four public places" in the county is not fulfilled by making and filing an affidavit which omits to state in what county such posting was had. This point was determined in *Ramsay v. Hommel,* 68 Wis. 12, 31 N. W. 271, wherein it was ruled that such an affidavit, specifying the places as "four public places in the village of Neillsville," is not a showing that the posting was in four public places in the county, under sec. 1130, Stats. 1898. See, also, *Morrow v. Lander,* 77 Wis. 77, 45 N. W. 956. The affidavit of posting recites that the sev-

eral copies of notices "were posted in a conspicuous place" at the designated locations, but does not describe them as "public places." Are the places described in their nature public places within the meaning of the law as defined in *Hart v. Smith,* 44 Wis. 213, and subsequent cases? What is a public place within the meaning of the statute as indicated in these decisions, resolves itself into a question partly of law and partly of fact. We must therefore look to the places designated and described to answer it. The place of posting should be one accessible to persons as a public, and applied to such uses and purposes where the public resorts, and thereby make them open to public observation. The obvious intention of the statute being to give publicity of the time, place, and lands to be sold, and thereby induce persons to attend the sale. It seems clear that street corners are not necessarily "public places" within the requirement of the law. It is a matter of common knowledge that conspicuous places at many street corners in cities are comparatively obscure and secret places, and to post a notice of tax sale in a conspicuous place at such corners would most likely fail to attract observation and meet the public view. These irregularities and omissions in the affidavit offered in evidence render the sale and tax deed issued thereon ineffectual and void.

An affidavit of the former city treasurer, made on the day before the trial of this action, for the purpose of complying with the statute in making proof of posting notices, was improperly received in evidence. Such an amendment of the proceedings after the records are filed with the city clerk might affect substantial rights of both the purchaser and the former owner, who relied on it. The affidavit takes the place of a record, which any person may examine, and therefrom ascertain whether the requirements of the statutes have been complied with. To permit an amendment after the record is made up and filed would defeat the objects of the statutes.

*Iverslie v. Spaulding,* 32 Wis. 394; *Allen v. Allen,* 114 Wis. 615, 91 N. W. 218.

*By the Court.*—Judgment reversed, and the cause remanded for a new trial.