Bouchier, Respondent, vs. Hammer, Appellant.

*October 28—November 12, 1909.*

*Tax titles: Notices of tax sale: Posting and publication: Affidavits: Sufficiency: "Public place:" Nonoccupancy: Rights under successive tax deeds: Appeal: Briefs.*

1. If the affidavit of the posting of notices of a tax sale declares conduct of the treasurer in the posting which complies with the statute, the validity of that step in the proceedings is established *prima facie.* A statement therein that the notices were posted in four public places, accompanied by a specification of places not inherently non-public, is such evidence as, undisputed, establishes the fact required by sec. 1130, Stats. (1898).

2. The term "public place" in sec. 1130, Stats. (1898), means a place where the public resort, so that the posting of a statement there is likely to give notice.

3. An affidavit stating that the place in the county treasurer's office at which one of the notices was posted was a conspicuous place, satisfies the statute, and it is not necessary to define with particularity the exact spot in that office upon which such notice was posted.

4. A printer's affidavit stating that the notice of a tax sale which took place on May 17 was printed and published in a certain newspaper "once in each week for four successive weeks, commencing on the 15th of April and terminating on the 6th of May," shows a publication once in each week for four successive weeks prior to the date of sale, as required by sec. 1130, Stats. (1898), although the printing terminated in twenty-two days.

5. An affidavit of nonoccupancy, made five days before the tax deed was issued, which declared both that at the time it was made, May 16, there had not been thirty days of continuous actual occupancy, and that on that day there was no occupancy, establishes the fact that there could not have been the thirty consecutive days' occupancy within the meaning of sec. 1175, Stats. (1898), on May 21, the date of the deed.

6. Upon appeal infirmities claimed to exist in affidavits made in tax proceedings should be pointed out by counsel. The court cannot assume the duty of searching for them.

7. The holder of a tax certificate issued in 1902 who purchased the land at the tax sales in 1903 and 1904 did not thereby pay the taxes so as to prevent him from claiming title under either of the tax deeds based on such sales.

APPEAL from a judgment of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Reversed.*

Plaintiff, concededly the original owner of certain lands in Price county, brought ejectment against the defendant, who set up title by three successive tax deeds based upon tax sales in the years 1902, 1903, and 1904. The sole question was the validity of those tax deeds. The evidence consisted entirely of the record of the various tax sale and deed proceedings. Court found all three deeds invalid by reason of certain defects alleged to exist in the proceedings, and rendered judgment for plaintiff, from which defendant appeals.

The cause was submitted for the appellant on the brief of

*W. K. Parkinson,* and for the respondent on that of *Barry & Barry,* attorneys, and *K. K. Kennan,* of counsel.

DODGE, J.   As the defendant pleads title under each of three distinct tax deeds, any one of them, if valid and based upon legal and regular procedure, is sufficient to establish his title and, therefore, his defense.   Sec. 1176, Stats. (1898). For this reason we shall consider only the infirmities in the deeds based upon tax sales of 1903 and 1904 and in the conduct of those sales.

1.  The first ground of invalidity, and that common to both sales, is the alleged insufficiency of the affidavits by the county treasurer to posting of notices of the tax sale in compliance with sec. 1130, Stats. (1898), which requires that the treasurer shall cause copies of notice, etc., to be "posted in at least four public places in such county, one of which copies shall be posted up in some conspicuous place in his office;" also that he shall file affidavit of such posting.   The affidavit in this case declares that he

"posted up the copies of the annexed statement and notice in five public places in said Price county, Wisconsin, to wit: on April 18, 1904, one of which copies was posted in a conspicuous place in the office of said county treasurer in the courthouse in the city of Phillips in said county; one copy in the office of the county clerk in the courthouse in the city of Phillips in said county; one copy on the front of the building known as the Turner House in the village of Park Falls, in said county; one copy on the front of the building known as the Jump River House in the village of Prentice, in said county; one copy on the inner wall in the postoffice in the town of Ogema in said county."

While it is intimated, if not in terms declared, in *Jarvis v. Silliman,* 21 Wis. 599, and *Hart v. Smith,* 44 Wis. 213, 226, that an affidavit stating that such notices were "posted in four public places in the county" satisfies this statute, an affidavit directly to that effect was apparently held invalid,

although without any debate and on concession of counsel, in *Wis. Cent. R. Co. v. Wis. River L. Co.* 71 Wis. 94, 36 N. W. 837, although that decision is rendered indefinite and uncertain upon the particular point because of other defects found in the affidavit. It is further decided in *Hart v. Smith* that a mere description of the places without declaring them to be public may be sufficient if the court can see from the description that they are of the character indicated by the words "public places." The suggestion is made by the court that the better method to satisfy the statute is to describe the places and make affidavit to the fact that they are public. In *Hilgers v. Quinney,* 51 Wis. 62, 8 N. W. 17, the places were described, but were such as not necessarily to be public. The affidavit was condemned on the sole ground that the only allegation was that they were "public places in the city of Chilton," which, said the court, would not necessarily make them public places in and for the county; the intimation being clear that had they been declared to be•public places of the county that would have sufficed. In *Allen v. Allen,* 114 Wis. 615, 91 N. W. 218, the several places were described as at certain specified postoffices without declaring them to be public places, and it was held sufficient. In *Myrick v. Kahle,* 120 Wis. 57, 97 N. W. 506, the latest case on the subject, the affidavit was condemned because it described places which might or might not be public and failed to declare that they were public places, with the clear intimation that if such fact had been declared *in hæc verba* the statute would have been satisfied. We think it obvious that the result of these decisions, in light of the words of the statute, is to the effect that if the affidavit on file declares conduct of the treasurer in the posting which complies with the statute, the validity of that step in the proceedings is established *prima facie.* It is declared in several of the cases cited that the allegation that a place of posting is a public place involves both a statement of fact and a conclusion of law. But the expression "public

place" is not occult.  It is a part of the English language, and the words are common and ordinary in usage, and that, too, in their legal designation, namely, 'a place where the public resort, so that the exposure of such a document is likely to give notice.  The publicity of the place involves in common statement quite as much, if not more, of the element of fact as it does of legal conclusion.  There is no good reason why the assertion that the posting in four public places, accompanied by a specification of places not inherently non-public, is not such evidence as, undisputed, establishes the fact required by sec. 1130.  If false, the specification of the place supplies the opportunity to prove the falsity; while the absence of such specification is a good practical reason for repudiating an affidavit which merely asserts them to be public, because then a sale might be conducted in fraud of the statute and no opportunity exist years afterwards to prove the fact.  We conclude that the posting, as established by the treasurer's affidavit, duly filed, complies with sec. 1130.

Another criticism of this affidavit is that it merely declares that the place in the county treasurer's office, at which one of the copies was posted, was a conspicuous place.  What we have said with reference to the phrase "public place," and the extent to which this upon its face must be considered a statement of fact, applies quite as strongly here.  We think it was not necessary to go further and define with particularity the exact spot in that office, whether upon the walls, windows, doors, or furniture, such notice was posted.

2. Another defect asserted is that the printer's affidavit of publication showed that the notices were published only three weeks instead of four.  The sale of 1903 took place on May 19th, that of 1904 on May 17th.  The affidavit in each case declared that the notice "was printed and published in such newspaper once in each week for four successive weeks, commencing on the 15th of April and terminating on the 6th of May."  Of course there is confusion of terms between the

affidavit and the statute. The latter requires that the notice shall be published once in each week for four successive weeks prior to the day of the sale. This of course requires a period of twenty-eight days of publication before the sale, but that publication is accomplished by issue of the paper containing the notice on four distinct days, one only in each week; so "publication of notice" may apply to the term of notice, but it may also apply to the physical fact of printing the notice in a published newspaper, and clearly that is the significance in which it is used in this affidavit, and indeed is the meaning given to the expression by this court in *Chippewa River L. Co. v. J. L. Gates L. Co.* 118 Wis. 345, 357, 94 N. W. 37, 95 N. W. 954. The joining with the word "published" the word "printed" in this affidavit emphasizes and renders sure the meaning in the mind of the affiant. So read, it establishes four printings, and the dates are entirely consistent with that assertion; May 6th being the day upon which a weekly paper would be issued which also was issued on the 15th of April. We think there is no ambiguity in this affidavit, but that it declares that on four specific days in separate successive weeks this notice was printed, and that more than one complete week after its last printing elapsed before the day of sale, and that constitutes in law a publication for four weeks, although the printing terminated in twenty-two days.

3. The deed upon the sale of 1903 is further assailed on the ground that the so-called affidavit of nonoccupancy was sworn to five days before the deed issued. The affidavit declared both that at the time it was made, May 16th, there had not been thirty days of continuous actual occupancy, and that on that day there was no occupancy. Such an affidavit necessarily establishes the fact that there could not have been the thirty consecutive days' occupancy within the meaning of the statute on May 21st, the date of the deed. This court has at least twice so ruled. *Dreutzer v. Smith,* 56 Wis. 292, 302,

14 N. W. 465; *Howe v. Genin,* 57 Wis. 268, 269, 15 N. W. 161.

4. It is asserted that the printer's affidavit as to the sale of 1904, in distinction from that of 1903, failed to state that the newspaper was a legal newspaper under the description of sec. 1130. We are unable to understand what respondent's claim is. The affidavit of 1904 contains the same declaration that the paper had been published in Price county for the legal period as does the affidavit of 1903, differing only in that it asserts its publication for a period of more than three years instead of two. There is no material distinction between the two affidavits in this respect. If there is any infirmity in that of 1904 it should have been pointed out. We cannot assume the duty of searching for it.

5. It is further contended by respondent that appellant cannot claim under either of the later deeds; that his purchase at the sales in 1903 and 1904 after his purchase of the tax certificate in May, 1902, must be deemed a payment of those taxes. This contention, however, is negatived by *Lybrand v. Haney,* 31 Wis. 230, and *Patterson v. Cappon,* 129 Wis. 439, 109 N. W. 103.

In conclusion: we find none of the alleged defects in either of the deeds on the sales of 1903 or 1904 to exist, and must therefore recognize those deeds as having all the effect conferred by sec. 1176, Stats. (1898), to vest in the grantee, the appellant, an absolute estate in fee simple in said land, at least as against the plaintiff.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for defendant.

BARNES, J., dissents.