BOUCHIER, Respondent, vs. HAMMER, Appellant.

*March 18—April 26, 1910.*

*Appeal: Costs: Taxation after record remitted: Jurisdiction.*

Costs may be taxed in the supreme court after the record in the case has been remitted to the trial court, no time limit being placed by statute on such taxation, and no modification of the judgment being involved therein.

APPEAL from a judgment of the circuit court for Price county: JOHN K. PARISH, Circuit Judge.

This is a motion by the respondent to review and set aside the taxation of costs by the clerk of the supreme court.

*C. F. Lamb,* for the respondent, in support of the motion.
*John Morgan,* for the appellant, *contra.*

PER CURIAM. Judgment of reversal having been rendered in the action November 12, 1909 [140 Wis. 648], and the record remitted to the trial court December 30th following, costs in this court were not taxed until March 5, 1910. The respondent appeared before the clerk at the taxation and objected to the taxation of any costs because the court had no jurisdiction. The objection being overruled and the costs taxed, a motion to review and set aside the taxation is now made in this court.

We are satisfied that the taxation was proper. The statute places no time limit upon the taxation of costs in this court. They are to be taxed and inserted in the entry of judgment on four days' notice, in accordance with the order of the court. Sec. 2952, Stats. (1898). Execution is to issue on the judgment out of this court, and satisfaction is to be entered by the clerk of this court. Sec. 2953, Stats. (1898). After the record has been regularly transmitted to the trial court this court has no power to vacate or modify the judgment in any way, because its jurisdiction for such purposes is at an end. *Ott v. Boring,* 131 Wis. 472, 110 N. W. 824, 111 N. W. 833. The taxation and entry of costs, however, does not affect or modify the judgment rendered, but simply is a clerical act which reduces to concrete figures the abstract command of the judgment already entered. Inasmuch as the judgment for costs must be enforced by process from this court and must be satisfied here, this court must necessarily retain power to do such acts pertaining to the enforcement, satisfaction, and discharge of the judgment as become necessary for the due protection of the parties. No other court has power to do these acts and certainly the power must be lodged somewhere. This court has offset two judgments rendered by it, though the records had been long

previously transmitted to the trial court. *Yorton v. M., L. S. & W. R. Co.* 62 Wis. 367, 374, 21 N. W. 516, 23 N. W. 401.

We conclude that the taxation of costs was properly made, and the motion is denied with $10 costs.