CASEVILLE INVESTMENT COMPANY, Appellant, vs. BERG, Respondent.

*February 4—March 4, 1930.*

For the appellant there was a brief by *Fridley & Crawford* of Superior, attorneys, and *J. B. Arnold* of Duluth, Minnesota, of counsel, and oral argument by *W. P. Crawford*.

For the respondent there was a brief by *Hanitch, Hartley, Johnson & Fritschler* of Superior, and oral argument by *John C. Fritschler*.

FOWLER, J.   The appellant claims that under the statutes and the decisions of this court the publication and posting of the list and notice above mentioned are essential to the validity of a tax deed and that the affidavits required by the statutes of such publication and posting are the only competent proof thereof. He cites *Iverslie v. Spaulding*, 32 Wis. 394; *Hiles v. Cate*, 75 Wis. 91, 43 N. W. 802; and *Myrick v. Kahle*, 120 Wis. 57, 97 N. W. 506, in support of these propositions.   He is correct in his premise, but it does not follow from this that if the affidavits are stolen or otherwise

disappear after they are filed their original contents cannot be established by the best evidence obtainable. It is stated in *Hiles v. Cate, supra:*

"We think it very clear that the parol evidence, in order to sustain a tax deed, in the absence of the affidavits required by law to prove such publication and posting of notices, must show that such affidavits did, upon their faces, state the facts required by the statute, and show that such notices were published and posted as required by law."

From this it would appear, as held by the trial court and as we hold, that parol evidence is receivable to show the contents of the affidavits as originally filed. If the affidavits were sufficient to show a valid sale when filed with the county clerk, the tax sale was valid; and that they were afterwards mutilated by some person unknown by detaching a portion thereof from the rest with the result that the detached portion has become lost, does not invalidate a tax deed duly issued pursuant to the sale; and in such case the grantee is entitled to prove by oral testimony what the affidavits originally contained.

The statutes provide that the printer of the published notice of sale must file an affidavit of publication and the county treasurer must file an affidavit of posting the notice of sale, and the county treasurer must file with the county clerk for preservation all affidavits, notices, and papers in relation to the sale. Secs. 74.36 and 74.37, Stats. The county clerk is required to keep a record book and record therein all affidavits and notices filed under sec. 74.47, and this record is to be received as proof of the matters therein contained. Sec. 74.48. Affidavits of the printer and treasurer were filed with the county clerk as required by sec. 74.47. As these affidavits when offered in evidence did not show the notice of sale or list of lands for sale, the trial court received in evidence a copy of the newspaper that published the notice of the 1925 tax sale. The notice and list

therein given were in proper form. The printer of the newspaper and the county treasurer who made the affidavits of publication and posting testified that when their affidavits were made and filed each had attached thereto a copy of the newspaper. The county clerk who filed the affidavits testified that when they were filed with him each had the newspaper attached. The affidavits and the attached newspapers made a part thereof by recitals therein together showed proper publication and posting of the notice and list. The trial court found the facts as testified to by the witnesses and held that the affidavits in form as filed were sufficient proof of the validity of the tax sale and deed.

It is claimed that as sec. 74.48 requires the county clerk to record in a book all affidavits and notices filed by the county treasurer, the clerk's failure fully to record them in the instant case defeats the deed. This provision is directory, not mandatory. The purpose of recording the affidavits and notice is to preserve a record of them "as proof of the matters therein contained with like effect as the originals." The originals are receivable in evidence, and when or so far as produced no record is necessary. Failure of a clerk to transcribe a complete record cannot defeat a tax deed when the evidence shows that all requirements of the statute antecedent to transcribing were originally strictly complied with.

*By the Court.*—The judgment is affirmed.