## JARVIS VS. SILLIMAN.

TAX DEED—Prima facie *evidence—Rebutting evidence.*

1. A tax deed issued in 1864, on a sale of land in 1861, for the taxes of 1860, was *prima facie* evidence of the regularity of the tax proceedings.

2. To rebut this evidence, defendant produced in evidence the county treasurer's notice of the sale and the affidavit of the posting of the same, which stated that, on &c., affiant posted up the notice "in four public places in said county," but did *not* state that one of said copies was posted in some conspicuous place in the treasurer's office, as the law required. *Held,*

(1.) That in the absence of any evidence to the contrary, it must be presumed that this was the only proof of posting on file in the county treasurer's office.

(2.) That the defect thus shown in the posting of the notices rendered the deed invalid.

APPEAL from the Circuit Court for *Dane* County.

Trespass *quare clausum.* The answer, *inter alia,* denied that plaintiff owned the premises. The court found for the plaintiff, and rendered judgment accordingly ; and defendant appealed.

The facts bearing upon the points decided are sufficiently stated in the opinion.

*Welch & Kissam* (with whom were *Spooner & Lamb,* of counsel), for appellant.

*E. & C. T. Wakeley,* for respondent.

DOWNER, J. The right of the plaintiff to recover depends upon the validity of the tax deed to Bridget McMullen, under whom he claims title to the land on which the trespass is alleged to have been committed. The tax deed is *prima facie* evidence of an absolute title in fee simple in the grantee therein named, his heirs and assigns, in and to the land therein described. The defendant undertook to rebut the *prima facie* evidence of the deed by showing that due notice of the time and place of sale of the land for the non-payment of the tax was not given. The county treasurer was called as a witness, and produced from the records in his office the return of the treasurer of the city of Madison, the notice of sale, the affidavit of the printer of its publication as required by law, and an affidavit of the posting of copies of the notice of sale, made by Lansing W. Hoyt, deputy treasurer of Dane county, in which he says "that on the 15th day of April, 1861, I posted up no-

tices of the sale of lands returned to the county treasurer of Dane county, for the delinquent taxes of the year 1860, in four public places in said county, a copy of which is hereto annexed." The statute required that the treasurer should, at least four weeks previous to the day of sale, cause to be posted up copies of the statement of the returned delinquent lands, and of the notice of sale, in at least four public places in the county, one of which copies should be posted up in some conspicuous place in his office. The affidavit produced shows that four copies were posted up in four public places, but fails to show that a copy was posted in the treasurer's office. But it is said by the counsel for the plaintiff, that there may have been in the treasurer's office another affidavit, not offered in evidence, showing this fact; and that the treasurer did not state that the affidavits produced were all the affidavits pertaining to the posting of the notices, in his office. This is true; still we think the affidavit produced, stating the posting of the number of copies required by statute, must be regarded as *prima facie* the only affidavit on that subject. It was filed in the proper office, and the law makes it *prima facie* evidence of its contents. It is not probable that different persons were employed to post up the notices or that there was more than one affidavit. We think therefore that the defendant rebutted the *prima facie* evidence of the deed.

If a copy of the notice was not posted up in the treasurer's office, does the failure to comply with the law in that respect render the deed invalid? The giving notice of a tax sale in the time and manner prescribed by law is generally a pre-requisite to the validity of a tax title. The officer derives his power of sale in part from the notice, and in this respect his sale differs from the sale of land by a sheriff on execution. Any neglect of the officer selling land for the non-payment of taxes, which deprives the owner and bidders of the full information the law intended to give them, renders the sale invalid.

Blackw. Tax Tit., 253, 254, and authorities there cited. We therefore hold the deed void.

*By the Court.*—The judgment is reversed, and a *venire de novo* awarded.