WARD and another, Appellants, vs. WALTERS, Respondent.

*March 11 — March 31, 1885.*

*(1) Tax deed: Acknowledgment by deputy county clerk. (2, 3) Posting notices of tax sale: Computation of time. (4) Limitations: Pleading.*

1. Where a tax deed is executed by a deputy county clerk, an acknowledgment reciting that such deputy county clerk appeared before the acknowledging officer, and that he acknowledged the execution of the deed by him " as such county clerk," is sufficient; the words " as such county clerk " meaning " as such deputy county clerk."

2. In the absence of any statutory rule for computing time, where an act is required to be done a certain number of days or weeks before a certain other day upon which another act is to be done, the day upon which the first act is to be done must be excluded from the computation, and the whole number of the days or weeks must intervene before the day fixed for doing the second act.

3. Thus, notices of a tax sale posted April 16 are not posted " at least four weeks previous to " May 14, within the meaning of sec. 1130, R. S.

4. To be available as a defense, the statute of limitations must be pleaded.

APPEAL from the Circuit Court for *Marathon* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an appeal from a judgment in an action of ejectment. The case was tried by the court without a jury. No bill of exceptions was settled in the case, and the only question in the case is whether the pleadings and the findings of fact support the judgment in the case. The pleading on the part of the plaintiffs is the ordinary statutory complaint in such action; on the part of the defendant the answer is a general denial, and sets up title in himself. The court finds as facts:

1. That the plaintiffs showed title in themselves from the United States government to the land described in the complaint.

2. That the defendant claimed to be the owner of said lands by virtue of a tax deed issued upon a tax sale for 1878, for the nonpayment of the taxes of 1877, which was duly recorded in the office of register of deeds in Marathon county, in volume 22 of tax deeds, on page 568, and which purports to have been executed by Henry Miller, county clerk of Marathon county; the signature, execution, and acknowledgment being as follows:

" Done in presence of ⎫        HENRY MILLER,
"B. W. JAMES,         ⎬          County Clerk of
"A. W. SCHMIDT.     ⎭      Marathon County, Wis.
                                            "By JOHN W. MILLER,
[Official Seal.]                                        "Deputy.

"*State of Wisconsin, County of Marathon — ss.:*  Be it remembered that on this 8th day of March, A. D. 1883, before me personally came John W. Miller, deputy county clerk of Marathon county, to me known to be the person who executed the above deed, and acknowledged the execution thereof by him as such county clerk for the uses and purposes therein mentioned.

"B. W. JAMES,

"Notary Public, Marathon County, Wis."

3. That the only affidavit on file in the office of the county clerk of Marathon county, Wisconsin, made by the county treasurer of the posting of the notices of tax sale for the year 1878 for the tax of 1877, was as follows:

"*State of Wisconsin, Marathon County — ss.:*  I, F. W. Kickbush, county treasurer of Marathon county, Wisconsin, do hereby solemnly swear that I have duly compared the annexed printed list of lands and property with the original list on file in my office; that the same is a true copy thereof, and that the same is a true and correct list of lands in said county of Marathon, Wisconsin, upon which the taxes remain unpaid for the year one thousand eight hundred and seventy-seven; that on the 16th day of April,

A. D. 1878, and within the time required by law, I caused true copies of said tax-list, and the tax-sale notice thereto attached, to be posted in four public places in said county, and one copy thereof to be posted in a conspicuous place in my office, and otherwise proceeded as by law required.

"F. W. KICKBUSH,
"County Treasurer, Marathon Co., Wisconsin.

"Subscribed and sworn to before me, June 1, 1878.
"JOHN RINGLE,
"Notary Public, Wisconsin."

4. That the action was commenced in July, 1883.

5. That the land was wild and unoccupied, and the defendant claimed title to said lands by virtue of said tax deed.

6. That defendant does not plead the statute of limitations in his answer.

7. That the tax sale in 1878, in Marathon county, was made on May 14, 1878.

There were some other findings of fact, but, as they relate to matters which are not considered in the decision of the case, they need not be stated. Upon the facts found the learned circuit judge held that the title to the land in dispute was vested in the defendant by virtue of the tax sale and tax deed executed thereon and delivered to him by the county clerk of Marathon county. Judgment was entered accordingly in favor of the defendant, and the plaintiffs appeal to this court, and assign as error that upon the pleadings and facts found the judgment should have been in favor of the plaintiffs.

*H. H. Grace*, for the appellants, to the point that the acknowledgment should have been by the deputy for and on behalf of the county clerk, cited Blackwell on Tax Tit. (4th ed.), 415 and note *a;* Martindale on Conv. sec. 253; Tiedeman on R. P. sec. 805; 3 Washb. on R. P. 574.

For the respondent there was a brief by *B. J. Pink* and

*Charles F. Crosby,* and the cause was argued orally by *J. K. Parish.*

TAYLOR, J.   The learned counsel for the appellants contends that upon the facts found the defendant's tax deed was void, and did not, therefore, divest the title of the appellants or convey any title to defendant,— (1) because the tax deed was not acknowledged as required by law; and (2) because the affidavit of the publication and posting of the notices of the tax sale shows that the notices of the sale were not posted a sufficient length of time before the sale took place, and because it is defective in not naming the public places in the county where such notices were posted.

We think the first objection is not well taken.   The deed was properly executed by the deputy clerk in the name of the clerk.   See *Huey v. Van Wie,* 23 Wis. 618; *Scheiber v. Kaehler,* 49 Wis. 291.   To us it seems very clear that the acknowledgment of the deed is sufficient to entitle it to record.   The object of an acknowledgment is to verify the fact that the person whose name is subscribed to the deed did in fact subscribe the same as his deed; or, if he signed it as deputy or agent, that he subscribed it for his principal. The acknowledgment as found and set out in the findings of fact, it seems to us, shows conclusively that the party who makes the acknowledgment was the deputy clerk who executed the deed in the name of his principal, and he acknowledges that he executed such deed as deputy clerk for the purposes mentioned therein.   The recitation in the acknowledgment is that John W. Miller, deputy county clerk, etc., appeared before the acknowledging officer, and that he acknowledged the execution of the deed by him as *such county clerk,* etc.   The words "as such county clerk" evidently mean "as such deputy county clerk," no other county clerk having been referred to by the officer in his certificate

of acknowledgment. We think the form of the acknowledgment is entirely sufficient.

The objection to the sufficiency of the affidavit of posting the notices of the tax sale is, we think, well taken. The affidavit of such posting shows that they were first posted on the 16th day of April, 1878, and the finding of the court is that the tax sale was on the 14th day of May, 1878. Sec. 1130, R. S., amongst other things, provides "that the treasurer shall also, at least four weeks previous to said day [meaning the day of sale], cause to be posted up copies of said statement and notice in at least four public places in said county," etc. This court has repeatedly decided that a failure to post the notices for the time and in the form required by law, or to make and preserve the evidence of such posting in the manner required, renders the tax sale void, and that a deed issued upon such sale is also void, unless validated by the statute of limitations. *Jarvis v. Silliman*, 21 Wis. 599; *Iverslie v. Spaulding*, 32 Wis. 394; *Eaton v. Lyman*, 33 Wis. 34; *Hilgers v. Quinney*, 51 Wis. 62; *Hebard v. Ashland Co.* 55 Wis. 145, 148. These cases show that the requirements of this statute as to giving notice of the tax sale must be strictly complied with, or the tax sale will be void.

Was a notice posted on the 16th of April posted at least four weeks before the 14th day of May thereafter? It is claimed by the learned counsel for the respondent that it was, and they cite sec. 4273, R. S., in support of their claim; but it will be seen by reading this section that it relates only to the publication of legal notices, and not to giving notices in any other way or manner. The posting of the notices required by sec. 1130 is not a publication of a legal notice within the meaning of sec. 4273; nor is the question affected by sec. 34, ch. 140, R. S. 1858, which was in force at the time of posting the notices in this case. That section

was originally a part of the Code enacted in 1856, and it was held by this court in *Doty v. Menasha*, 14 Wis. 77, that, in construing it, it must still be deemed a part of such Code, although made a part of ch. 140, R. S.; and if not construed as a part of the Code, then it would necessarily be construed as a part of ch. 140 alone, and have application only to matters contained in that chapter.

In the absence of any statutory provision governing the computation of time, the authorities are uniform that where an act is required to be done a certain number of days or weeks before a certain other day upon which another act is to be done, the day upon which the first act is to be done must be excluded from the computation, and the whole number of the days or weeks must intervene before the day fixed for doing the second act. *Pitt v. Shew*, 4 Barn. & Ald. 208; *Mitchell v. Foster*, 4 Perry & D. 150; *Queen v. Justices of Shropshire*, 8 Adol. & E. 173; *Zouch v. Empsey*, 4 Barn. & Ald. 522; *Hardy v. Ryle*, 9 Barn. & C. 603; *Judd v. Fulton*, 4 How. Pr. 298; *Comm. Bank of Oswego v. Ives*, 2 Hill, 355; *Columbia Turnpike Road v. Haywood*, 10 Wend. 422; *Small v. Edrick*, 5 Wend. 137; *Rankin v. Woodworth*, 3 Pa. (P. & W.), 48; Wood on Lim. 107, § 56.

The language of the statute above quoted brings the case within the rule laid down by the authorities, and is a clear direction that four full weeks or twenty-eight days must intervene between the day of posting the notices required and the day upon which the sale is to be made, and that a posting of such notices on the 16th day of April is not sufficient for a sale to be made on the 14th day of May thereafter. Within the rule the notices were not posted twenty-eight days before the day of sale. The posting of the notices being one day short of the time required by the statute, the sale is void. See *Eaton v. Lyman*, 33 Wis. 36; *Collins v. Smith*, 57 Wis. 286. This defect in the posting of

the notices of sale renders the tax deed relied upon by the defendant as his source of title void, and the judgment should have been in favor of the plaintiff.

This defect of the notice was undoubtedly cured by the statute of limitations (sec. 1210e, R. S.), but as the defendant did not answer the statute as a defense to the plaintiff's action he cannot avail himself of it on this trial. *Clarke v. Lincoln Co.* 54 Wis. 578, 580; *Wis. Cent. R. Co. v. Lincoln Co.* 57 Wis. 137.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment in favor of the appellant.