PITTELKOW, Appellant, vs. THE CITY OF MILWAUKEE, Respondent.

*November 28, 1896 — January 12, 1897.*

*Municipal corporations: Special assessment for street improvement: Milwaukee city charter: Computation of time: Failure to view premises, etc.*

1. Under the provision of the charter of the city of Milwaukee that no resolution ordering the grading, etc., of a street without a petition therefor shall be voted upon or passed at any meeting of the common council held within four weeks from the time of its presentation to the council, such a resolution may be voted upon on the twenty-eighth day after its presentation, excluding the first day and including the last. *Wright v. Forrestal,* 65 Wis. 341, disapproved but followed; *Ward v. Walters,* 63 Wis. 44, approved.

2. Under the charter of said city an assessment for street improvements is invalid where it appears that the board of public works did not view the premises before ordering the work to be done, or consider the amount proposed to be made chargeable against the abutting property and the benefits which would accrue thereto in consequence of the improvement, or assess against the premises the amount of benefits which they would derive therefrom when completed in the manner contemplated, or take into consideration the injury to, and total destruction of, such premises.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

*V. W. Seely,* for the appellant.

For the respondent there was a brief by *C. H. Hamilton,* city attorney, and *Howard Van Wyck,* assistant city attorney, and oral argument by *Mr. Van Wyck.*

CASSODAY, C. J. This is an appeal from an order sustaining a demurrer to the complaint, alleging, among other things, in effect, that March 11, 1892, Albert Ziese and wife, being the owners of the two lots described, mortgaged the same to Bergmann for $650; that March 13, 1895, Bergmann assigned the mortgage to the plaintiff; that March 16, 1895,

the plaintiff discharged the mortgage, and in consideration Ziese and wife conveyed the premises to the plaintiff; that July 5, 1895, Ziese and wife sold, conveyed, and assigned to the plaintiff any and all claims for damages and injury to the premises by reason of the wrongful acts and trespasses upon the premises therein complained of; that during the times mentioned there was upon said lots a commodious dwelling house, and until such wrongful acts and trespasses there was a convenient driveway leading from the public highway known as Hadley street to the dwelling house; that between August 1, 1894, and June, 1895, inclusive, the defendant wrongfully, unlawfully, and without authority of law, to the great injury and damage of the plaintiff and his grantor, dug up, excavated, and took away the earth and other material in said highway adjacent to and in front of and upon the said premises to the depth of about thirty feet, and removed the same from the premises of the plaintiff and from the highway in said premises and adjacent thereto, and to the extent of the whole width of the street, by means whereof the plaintiff has been greatly inconvenienced and disturbed in the use and enjoyment of said dwelling house and premises; that prior to such excavation, and on May 14, 1894, the defendant's board of public works recommended, in writing, to the common council, that such work be done, and submitted therewith a resolution to the effect that it was necessary for the public interests to grade and gravel Hadley street from First street to Island avenue (including the *locus in quo*), for the reason that the street was inadequate, inconvenient, and unsafe for the public use thereof and for the drainage of water therefrom; that it was necessary to cause the work to be done thereon without a petition therefor, for the reason that the property owners had negligently failed to make the street in a safe and suitable condition for public use or to petition therefor; that the board were thereby authorized and directed to cause the

work to be done as therein directed; that the estimated cost of doing the work in front of said two lots was $870.12; that May 14, 1894, said resolution was referred to the local committee, which, May 28, 1894, reported the same back to the council with the recommendation that it be adopted, whereupon, May 28, 1894, the council referred said resolution to a select committee of five, which reported the same back to the council, June 11, 1894, with a recommendation that it be adopted, and the same was then and there adopted, June 11, 1894; that said resolution was so voted upon and passed at a meeting of the council held within four weeks from the time of its presentation to the council.

Thus it appears that the resolution for grading and graveling the street was introduced in the council May 14, 1894, and adopted June 11, 1894; that is to say, it was adopted twenty-eight days, or four weeks, after it was introduced, if we exclude the first day and include the last day. The charter provides that no such resolution ordering the grading, graveling, or paving of a street or streets or alley, the paving of gutters, or the making of sidewalks, without a petition therefor, shall be voted upon or passed at any meeting of the common council held within four weeks from the time of its presentation to the council; and the vote, on its passage, shall be taken by yeas and nays, and duly entered in the journal of the proceedings. Charter [Laws of 1874, ch. 184], subch. VII, sec. 6. Here there was no petition, and the question recurs whether the resolution was " voted upon or passed " at a meeting " held within four weeks from the time of its presentation," within the prohibition of the charter.

This provision of the charter is substantially the same as when it provided that " Every resolution ordering work without a petition therefor shall lie over at least four weeks after its introduction, and no action shall be taken by the common council if within that time a remonstrance

against such proposed improvement shall be presented to the common council," etc. In *Wright v. Forrestal*, 65 Wis. 341, it was held, under that provision, in effect, that a resolution presented to the council on Monday, January 21, 1878, might properly be adopted on Monday, February 18, 1878; that is to say, on the twenty-eighth day after its presentation, excluding the first day and including the last. Our statute provides that "The time for publication of legal notices shall be computed so as to exclude the first day of publication, and include the day on which the act or event, of which notice is given, is to happen, or which completes the full period required for publication." R. S. sec. 4273. But this is not a "legal notice," and hence does not come within that provision of the statute. Nor does it come within the provision of the statute prescribing the rules for computing time when the same is "expressed in days" or "expressed in hours" in the statute. S. & B. Ann. Stats. sec. 4971, subd. 24. Nor does it come within the rule prescribed by the statute for the publication of "any notice, advertisement, statement or publication required by law or the order of any court, to be printed or published in any newspaper." S. & B. Ann. Stats. sec. 4276*a*. If the statute in the case at bar had expressed the time in days or hours, or had it required a legal notice within the meaning of sec. 4273, cited, then it might have been held sufficient under numerous adjudications of this court. *Herrick v. Graves*, 16 Wis. 157; *Eaton v. Lyman*, 33 Wis. 34; *Chase v. Ross*, 36 Wis. 267; *McCrubb v. Bray*, 36 Wis. 333; *Mohr v. Tulip*, 40 Wis. 66; *Kopmeier v. O'Neil*, 47 Wis. 593; *Collins v. Smith*, 57 Wis. 284; *Bennett v. Keehn*, 67 Wis. 154; *Portz v. Schantz*, 70 Wis. 497; *Williams v. Lane*, 87 Wis. 158.

In writing the opinion of the court in *Wright v. Forrestal, supra*, Mr. Justice TAYLOR said: " The statutory provision in this case is an *unusual* one, and very few, if any, of the decisions will be found applicable to the language used in the stat-

ute above quoted." Page 348. But that very learned justice
in statutory law failed to observe the rule as stated by him-
self, in behalf of the whole court, less than a year previously,.
in the following language: "In the absence of any statutory
provision governing the computation of time, the authorities
are uniform that, where an act is required to be done a cer-
tain number of days or weeks before a certain other day
upon which another act is to be done, the day upon which
the first act is to be done must be excluded from the com-
putation, and the whole number of days or weeks must in-
tervene before the day fixed for doing the second act."
*Ward v. Walters*, 63 Wis. 44. The learned justice cited,.
among other cases, in support of that rule, *Hardy v. Ryle*,
9 Barn. & C. 603, where, under an English statute requiring
an action for false imprisonment to be commenced *within*
six calendar months after the discharge from such imprison-
ment, and in a case where such discharge was December 14,
1828, and the action was commenced June 14, 1829, it was
held that the action was commenced within the six months,
and hence in time. See, also, *Weeks v. Hull*, 19 Conn. 376;.
*S. C.* 50 Am. Dec. 249; *Sheets v. Selden's Lessee*, 2 Wall. 177;.
*Bemis v. Leonard*, 118 Mass. 502. We have no doubt of the
correctness of the rule thus announced in *Ward v. Walters*,
*supra*. Nevertheless, it is now eleven years since the decis-
ion in *Wright v. Forrestal* was made. The common council
of Milwaukee apparently acted upon the faith of that decis-
ion in the case at bar. It thus became a rule of property in
the making of local assessments in that city. Notwithstand-
ing that the case was, in our judgment, wrongly decided,.
still we feel constrained to adhere to it, on the principle of
*stare decisis*, especially as it only has a local application. In
the language of a learned justice of the supreme court of
the United States: "It is almost as important that the law
should be settled permanently as that it should be settled
correctly. Its rules should be fixed deliberately, and adhered

to firmly, unless clearly erroneous. Vacillation is a serious evil." *Gilman v. Philadelphia*, 3 Wall. 724.

2. The assessment of benefits and damages as reviewed and corrected by the board of public works and transmitted to the common council, as set forth in the complaint, seems to be very much the same as in *Wright v. Forrestal, supra,* and the same was held good in that case. But this case being here upon demurrer, the allegations of the complaint must be considered as true; and that alleges, in effect, that the board of public works, before ordering the work to be done in front of the plaintiff's premises, did not view the same, or consider the amount proposed to be made chargeable against the same and the benefits which would accrue to the plaintiff in consequence of the alleged improvement, and did not assess against the premises the amount of benefits which they would derive therefrom when completed in the manner contemplated, and did not take into consideration the injury to, and total destruction of, the plaintiff's premises. Assuming these allegations to be true, as we must on this demurrer, it is very obvious that the complaint does state a good cause of action.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.