WALISH, Appellant, vs. THE CITY OF MILWAUKEE, Respondent.

*December 16, 1896 — January 12, 1897.*

*Municipal corporations: Milwaukee city charter: Damages for change of grade: Condition precedent: Viaduct on street.*

1. Under the charter of Milwaukee (Laws of 1874, ch. 184, subch. VII, sec. 8) giving the owner of land affected by the change of the grade of any street a right to compensation therefor, where such change was made after a permanent grade had been established and "after such street shall have been actually graded to such established grade," the actual grading of the street to the grade first established is a condition precedent to the right to recover damages occasioned by the change.

2. Where the change of grade in a street by reason of the construction of a viaduct therein is made under authority of law and with due care, the municipality is not liable for *consequential* injuries to abutting property, unless made so by statute or the constitution. *Colclough v. Milwaukee,* 92 Wis. 182, followed.

APPEAL from an order of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

For the appellant there was a brief by *Lenicheck & Lenicheck,* and oral argument by *F. J. Lenicheck.* They con-

tended, *inter alia*, that the grievance complained of is an unlawful invasion of plaintiff's right of property — a taking of his property without compensation within the meaning of the state and federal constitutions.   The viaduct in question is a permanent structure above the street, and an invasion upon the appurtenant easement held by the abutting owner.   Such structure is not in conformity to the *ordinary use of the highway*, and is subversive of the owner's easement and beneficial estate.   The owner has an absolute right to the use of the street in front of him for ordinary street purposes.   The interest of the abutting owner, his right to light and air and ventilation and freedom of access, his frontage, his exemption from annoyances, is property, and can only be taken from him by legal process and for just compensation.   The owner is entitled to enjoy his property free from annoyances resulting from smells, dust, noise, etc. All such rights are property, and an unlawful invasion thereof entitles the owner to damages.   Depriving him of the beneficial use and enjoyment of his property is a taking of private property for public use.   Elliott, Roads & S. 155; Lewis, Eminent Dom. §§ 54–56, 59, 100, 122, 123; Dillon, Mun. Corp. (4th ed.), § 587*b;* Beach, Pub. Corp. §§ 657, 658; Cooley, Const. Lim. (6th ed.), 670; Tiedeman, Lim. of Police Power, 397; Randolph, Eminent Dom. §§ 147, 148, 152, 404; *Arimond v. G. B. & M. C. Co.* 31 Wis. 316; *Buchner v. C., M. & N. W. R. Co.* 56 id. 403; *Sherman v. M., L. S. & W. R. Co.* 40 id. 645; *Pumpelly v. Green Bay & M. C. Co.* 13 Wall. 166; *Rigney v. Chicago,* 102 Ill. 64; *Yates v. Milwaukee,* 10 Wall. 497; *Grand Rapids Booming Co. v. Jarvis,* 30 Mich. 308; *Eaton v. B. C. & M. R. R.* 51 N. H. 504; *Thompson v. Androscoggin River Imp. Co.* 54 id. 545; *Vanderlip v. Grand Rapids,* 73 Mich. 522, 16 Am. St. Rep. 597, and note; *Story v. N. Y. El. R. Co.* 90 N. Y. 122; *Lahr v. Metropolitan El. R. Co.* 104 id. 268.   The building of a viaduct is a new and additional use of the

street, and imposes an additional burden or servitude on the fee. Randolph, Eminent Dom. § 162. The soil cannot be devoted to a different use, whether more or less onerous, without compensation to the abutting owner. Lewis, Eminent Dom. § 140; Beach, Pub. Corp. § 663; *Shawneetown v. Mason,* 82 Ill. 337; Cooley, Const. Lim. (6th ed.), 674, 675.

For the respondent there was a brief by *Charles H. Hamilton,* city attorney, and *Howard Van Wyck,* assistant city attorney, and oral argument by *Mr. Van Wyck.*

CASSODAY, C. J. This is an appeal from an order sustaining a demurrer to the plaintiff's complaint, alleging, in effect: That the plaintiff has been the owner of the lot described ever since 1876. That the lot is on the corner of North Water and Pearson streets, and lies on the north side of Pearson street and on the west side of North Water street, and is fifty feet front on North Water street, and extends west about 270 feet on Pearson street, to the established dock line on the Milwaukee river. That the lot is bounded on the west by the river. That, since 1876, the plaintiff has resided thereon with his family as a homestead. That February 13, 1888, the defendant, by ordinance, permanently established the grade of North Water and Pearson streets in front of the premises of the plaintiff, and fixed and permanently established the same as follows: At the point of intersection of Van Buren street, thirty six and one-half feet, assuming as a base the Milwaukee river as it was in March, 1836. That Van Buren, Pearson, and North Water streets join together in front of the plaintiff's premises. That, August 8, 1892, the defendant, by ordinance, duly ordained that the city, in pursuance to ch. 411, Laws of 1891, issue bonds for the construction of a viaduct across the river from the intersection of Van Buren street with Brady street to the intersection of Holton street with Reservoir avenue. That March 20, 1893, the defendant, by ordinance, ordained

that the grade of elevation of the viaduct in front of the plaintiff's premises should be permanently fixed and established, so as to be eighteen feet higher than the grade established by the ordinance of February 13, 1888. That the defendant erected the viaduct in conformity to the grade last mentioned, and the same is now completed in accordance therewith and in accordance with the specifications and plans in possession of the defendant. That the viaduct is built of iron, and commences at Brady and Van Buren streets, and passes through Van Buren street into North Water and Pearson streets, and thence, through Pearson street, west and across the Milwaukee river. That the same is supported by heavy columns, set into the street below and above the surface, and also set into the river. That the columns and viaduct are carried a great distance above the plaintiff's lot, and immediately south of his premises. That Pearson and North Water streets are public highways, used as such for forty years. That the river is navigable. That the erection and maintenance of the viaduct has caused a great and material injury to the premises of the plaintiff, in the several particulars mentioned therein. That the defendant has unlawfully appropriated and taken the streets and river abutting the plaintiff's lot, of which he is the owner in fee, for the construction, use, and maintenance of the viaduct. That the defendant has refused to allow the plaintiff any damages for his said injuries. Wherefore he demands judgment for $25,000 damages, and costs.

It is nowhere alleged, nor is it claimed, that at any time prior to the re-establishment of the grade, March 20, 1893, as stated, that Pearson and North Water streets, or either of them, were, or was, ever actually graded to the grade so established February 13, 1888, nor that, at the time of so changing the grade or the erection of the viaduct, the board of public works did not make an assessment of benefits and damages as required by the provisions of the charter. More-

Walish vs. The City of Milwaukee.

over, there is no allegation that either of such grades was so
established or changed or re-established unlawfully. On the
contrary, it is to be fairly inferred from the complaint that
each and all of such grades were duly and regularly estab-
lished, and changed or re-established, in strict accordance
with the requirements of the charter, and that the viaduct
was erected and constructed in conformity therewith. The
charter provides that, "in all cases in which the grade of
any street has been permanently established by ordinance
since February 20, 1852, or shall hereafter be so established,
and after such permanent establishment thereof, and *after
such street shall have been actually graded to such established
grade*, the grade so established has been or shall be altered
by the city, the owner of any lot or parcel of land which
may be affected or injured in consequence of such alteration
of grade shall be entitled to compensation therefor." Sec. 8,
subch. VII, ch. 184, Laws of 1874. Since the street was never
actually graded to the grade so established in 1888, but was
actually worked and completed only to the grade so estab-
lished March 20, 1893, it follows that the complaint fails to
state a cause of action for compensation for a change of
grade, so given by the provision of the charter quoted. This
is apparent from numerous decisions of this court, among
which are the following: *Stadler v. Milwaukee*, 34 Wis. 98;
*French v. Milwaukee*, 49 Wis. 584; *Tyson v. Milwaukee*, 50
Wis. 78. The right to damages in such a case is purely stat-
utory. *Id.* Hence, the well-established rule that, where a
change of grade in a street is made under authority of law
and with due care, the municipality is not liable for *conse-
quential* injury to abutting lots, unless made so by statute or
the constitution. *Drummond v. Eau Claire*, 85 Wis. 562,
and cases there cited. This rule was applied in *Colclough v.
Milwaukee*, 92 Wis. 182. In that case it was held that:
"(1) The construction of an elevated approach to a viaduct,
occupying the entire width of the street, is merely a change

of the grade of the street, and is not a new taking of; nor does it impose any additional use or servitude upon, the property of the abutting owner. In the absence of any express statute allowing it, therefore, no damages can be awarded to said owner for injury to his property caused by the construction of such approach; nor will its construction be restrained at his suit. (2) Such a lawful change of the grade of a street is not a closing up or use or obstruction of the street, within the meaning of ch. 255, Laws of 1889 (S. & B. Ann. Stats. sec. 1296a)." We are clearly of the opinion that the case at bar is not distinguishable in principle from that case; and, hence, what Mr. Justice PINNEY there said must be regarded as the opinion of the court in this case.

*By the Court.*— The order of the superior court of Milwaukee county is affirmed.