Saunderson and others vs. Herman.

SAUNDERSON and others, Respondents, vs. HERMAN, Appellant.

*December 19, 1896 — January 12, 1897.*

*Municipal corporations: Special assessments: Change of grade: Damages: Proceedings void on their face: Extrinsic evidence of regularity.*

1. Under the charter of the city of Milwaukee, where an established grade is altered in the improvement of a street, the contractor's certificate therefor is absolutely void unless it affirmatively ap-

Saunderson and others vs. Herman.

pears on its face that the damages from the change of grade were considered by the board of public works in making the assessment. *Liebermann v. Milwaukee*, 89 Wis. 336, followed.

2. Where special assessment proceedings are absolutely void on their face for failure to comply with the charter, it cannot be shown by extrinsic evidence that the charter provisions have been complied with.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

The plaintiffs are owners of certain lots, fronting on Cape street, in the Sixth ward of the city of Milwaukee. The defendant is the owner of certain improvement certificates issued against the plaintiffs' lots. The action is to have the certificates surrendered and canceled. The defendant answered, setting up the proceedings on which the certificates had been issued. The answer was struck out as frivolous, and judgment rendered, on proper proofs taken by the plaintiffs, canceling the certificates. The appeal is from this judgment.

It appears that the grade of Cape street had been permanently established, and the street made to grade and paved with macadam, in 1883. In 1894 the grade of the street was changed by being raised from six tenths of a foot, in some places, to one and six-tenths feet in other places. The work of changing the grade and repairing the street was let, the work was done, and the certificates were issued to the contractors. The defendant bought the certificates. The complaint sets out, *verbatim*, the assessment of benefits and damages which was made and filed by the board of public works. It is apparently made on the same blank as the assessment in the case of *Liebermann v. Milwaukee*, 89 Wis. 336, and does not show that damages from the change of grade were considered by the board. The answer takes no issue upon the form of the assessment, but alleges affirmatively that the board considered the question of such damages and determined that there were none.

Saunderson and others vs. Herman.

For the appellant there was a brief by *Hoyt, Ogden & Ol-well*, and oral argument by *F. M. Hoyt.* They contended, among other things, that it clearly appeared, and was in effect admitted by plaintiffs' pleadings, that no damages were done to their premises, and in such a case equity would grant them no relief. *Wis. Cent. R. Co. v. Ashland Co.* 81 Wis. 10; *Fifield v. Marinette Co.* 62 id. 535; *Meggett v. Eau Claire,* 81 id. 326.

*Herbert Knight,* for the respondents.

NEWMAN, J. The change of grade of Cape street, though not great, might very well be of considerable damage to the respondents' property. At least, it cannot be presumed that it would be without damage. The respondents might well stand upon their legal right to require benefits and damages to be assessed according to law. No valid charge against their lots could be created except by a strict adherence to the authority given by the city charter. The only assessment of benefits and damages which was made by the board of public works, before making the contracts and ordering the work, is in the exact form and words of the assessment which was condemned in *Liebermann v. Milwaukee,* 89 Wis. 336. It seems to have been made upon the same blank. Both assessments having been made under the same charter, it seems necessarily to follow that that case must govern this. The attempt is made to avoid the rule in that case by allegations in the answer that the board of public works did duly consider the matter, and " were of the opinion that no damage would result to the plaintiffs [respondents] by reason of such change of grade," and " the plaintiffs' [respondents'] property was not damaged in any manner whatever by such change of grade." While these allegations might be sufficient under the general rules of pleading, they make no issue here, because the assessment of benefits and damages actually made by the board of public works is attached to the complaint and made a part of it, and its accuracy is

conceded, for no issue is made upon it by the answer. In *Liebermann v. Milwaukee, supra*, it is said that "the certificate is void upon its face for failure to show affirmatively that it was made in conformity with the authority conferred upon the board of public works by the provisions of the charter." There is no way in which a void proceeding can be made valid by evidence. If it were only *prima facie* or *apparently* void, evidence might aid it. The reason why it is void is the necessity that it shall "show affirmatively on its face" a compliance with the power conferred. For this reason the assessment itself is the only competent evidence to show a compliance with the charter. 1 Greenl. Ev. § 86; Blackwell, Tax Titles, 248, 512 [§§ 448, 1100 *et seq.*]; Black, Tax Titles, § 446; *Iverslie v. Spaulding*, 32 Wis. 394. No evidence could be received under these allegations of the answer. The answer states no defense.

*By the Court.*— The judgment of the circuit court is affirmed.

95   51
97   210

