FRIEDRICH, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*April 4—April 22, 1902.*

*Municipal corporations: Milwaukee city charter: Street improve-
ment: Adoption of resolution: Arbitrary assessment: Unlawful
cutting down of street: Liability.*

1. Under a city charter providing that no resolution for improving
   a street without petition shall be voted upon at any meeting
   of the council held within four weeks from the time of its pre-
   sentation, such a resolution may be adopted on the twenty-
   eighth day after its presentation.
2. Under the charter of Milwaukee (secs. 7, 8, subch. VII) the cut-
   ting down of a street was unlawful and subjected the city to
   liability for the consequent injury to abutting property, where
   the board of public works, in making the required assessment
   before ordering the work, did not take into consideration the
   injury which might result to the abutting lots, but, although
   the cut varied from almost nothing to nearly thirty feet in
   depth, made an arbitrary assessment of benefits, based solely
   on the cost of the work, at a uniform rate per foot, except as to
   two lots, and as to part of one of them made no assessment.

APPEAL from an order of the circuit court for Milwaukee
county: EUGENE S. ELLIOTT, Circuit Judge. *Affirmed.*

For the appellant there were briefs by *Carl Runge,* city
attorney, and *R. S. Witte,* assistant city attorney, and oral
argument by *Mr. Witte.*

For the respondent there was a brief by *A. B. May,* at-
torney, and *C. H. Hamilton,* of counsel, and oral argument by
*Mr. May.*

CASSODAY, C. J.    This is an appeal from an order over-
ruling a demurrer to the complaint in an action commenced
November 9, 1900, to recover damages for lowering Hadley
street in front of the plaintiff's premises between First street
and Island avenue, in the Thirteenth ward of the city of
*Milwaukee.*    The facts alleged in the complaint are very

much the same as in the complaint in *Pittelkow v. Milwaukee,* 94 Wis. 651, 69 N. W. 803. The action and proceedings of the board of public works and the common council claimed to be wrongful and unlawful and without authority of law are the same in both cases.

The defendant contends, and the plaintiff concedes, that the cause of action alleged or sought to be alleged is not in equity to enforce a reassessment under the statutes (secs. 1210*d*–1210*f,* Stats. 1898). *Sanderson v. Herman,* 108 Wis. 662, 84 N. W. 890, 85 N. W. 141. Both parties agree (to what is very obvious) that this is a straight action at law to recover damages for cutting down the street in front of the plaintiff's premises without any authority of law. · In such a case this court has held that "for an unlawful change in the grade of a street a city is liable to the owner of abutting property for all damage directly and proximately caused thereby, without reference to any resulting benefit." *Drummond v. Eau Claire,* 85 Wis. 556, 55 N. W. 1028. In that case it was said that "this court has, in effect, frequently held that where a change of grade in a street is made under authority of law, and with due care, the municipality is not liable for consequential injury to abutting lots, unless made so by statute or the constitution." 85 Wis. 562. The adjudications of this court upon both questions are there reviewed and classified. See, also, *Colclough v. Milwaukee,* 92 Wis. 182, 65 N. W. 1039 ; *Walish v. Milwaukee,* 95 Wis. 16, 69 N. W. 818.

The question recurs whether the cutting down of Hadley street in front of the plaintiff's premises was, as alleged in the complaint, wrongful, unlawful, and without authority of law. The action and proceedings of the board of public works and common council in the matter of such improvement are the same as in *Pittelkow v. Milwaukee,* 94 Wis. 651, 69 N. W. 803, and *Pittelkow v. Herman,* 94 Wis. 666, 69 N. W. 805. In the first of these cases it was held, as it must be here, that

the resolution for improving Hadley street without petition, recommended and submitted to the common council by the board of public works May 14, 1894, and adopted by the common council June 11, 1894, was a compliance with sec. 6, subch. VII, of the charter of *Milwaukee* (ch. 184, Laws of 1874, as amended). The question in that case, as in this, arose on a demurrer to the complaint which alleged, in effect,

—"that the board of public works, before ordering the work to be done in front of the plaintiff's premises, did not view the same, or consider the amount proposed to be made charge-able against the same, and the benefits which would accrue to the plaintiff in consequence of the alleged improvement, and did not assess against the premises the amount of benefits which they would derive therefrom when completed in the manner contemplated, and did not take into consideration the injury to, and total destruction of, the plaintiff's prem-ises." *Pittelkow v. Milwaukee,* 94 Wis. 656, 69 N. W. 805.

Assuming such allegations to be true, as we were bound to on such demurrer, we held that the complaint in that case stated a good cause of action. While the complaint in the case at bar alleges that the law made it the duty of the board of public works, before ordering such improvement, to view the premises, as stated in the charter (sec. 7, subch. VII), yet it nowhere alleges, as in the other case, that the board did not view the premises; and the report of the "commissioners of public works" states that "the board of public works viewed the said premises on June 13, 1894." But in the complaint in this case it is alleged that the pretended assessment was arbitrary and fraudulent and void, for the reason that the board of public works did not consider, with reference to the lots, the injury which might result to the owners by reason of said work, but made an arbitrary assessment of benefits, based solely upon the cost of the work in front or abutting upon the lots, respectively, at the uniform rate of $10 a foot, except upon lot 6, block 4, and lot 6, block 8, and for the

further reason that the board of public works did not take into consideration in any manner whatever the injury to, and damage suffered by, the plaintiff in making such excavation and the removal of said material as aforesaid, and the destruction of this plaintiff's easement of access, and for the further reason that the board made no assessment against the east 112½ feet of lot 6 in block 8. The complaint also alleges facts, at length and in detail, showing that the original surface of the earth above the established grade of the part of Hadley street in question varies from almost nothing to nearly thirty feet. If such allegations of the complaint are true, then the action and proceedings of the board of public works and the common council were repugnant to some of the provisions of the charter which declare that,

—"before ordering any work to be done by the owners of lots or lands fronting on the same, said board shall view the premises, and consider the amount proposed to be made chargeable against said several lots or pieces of land, and the benefits which, in their opinion, will actually accrue to the owner of the same in consequence of such improvement, and shall assess against the several lots or pieces of land, or parts of lots or pieces of land, which they may deem benefited by the proposed improvement, the amount of such benefit which those lots or pieces of land will severally, in the opinion of said board, derive from such improvement when completed in the manner contemplated in the estimate of the cost of such work, made as provided by section six of this chapter, taking into consideration in each case any injury which in the opinion of the board, may result to each lot or piece of land from such improvement; and in case the benefits, in their opinion, amount to less than the cost of the improvement, the balance shall be paid out of the ward fund of the ward or wards in which such improvement is made; and said board shall endorse their decision and assessment in every case on the estimate of the cost of such improvement filed in their office." Sec. 7, subch. VII.

These provisions of the charter, with sec. 8, required the board to consider and pass "upon, not only the question of

benefits and injuries resulting from the improvement, but also the question of damages, costs, and charges by way of compensation for the alteration of the grade." *Liebermann v. Milwaukee,* 89 Wis. 336, 61 N. W. 1112; *Saunderson v. Herman,* 95 Wis. 48, 69 N. W. 977. Since the cut, as to some of the lots, was very much deeper than others, the assessment of a uniform rate of $10 a front foot, as alleged, would seem to be arbitrary and unlawful. *Kersten v. Milwaukee,* 106 Wis. 200, 81 N. W. 948, 1103; *Sanderson v. Herman,* 108 Wis. 666, 84 N. W. 890, 85 N. W. 141. The same is true as to the alleged failure to assess a part of the land fronting upon the same street.

*By the Court.*—The order of the circuit court is affirmed.