FLETCHER, Appellant, vs. LA CROSSE COUNTY and others, Respondents.

*April 6—April 24, 1917.*

*Counties: Sale of bonds: Advertisement: Computation of time: Rules of county board: Resolutions: Reference to committee: Definiteness: Place of payment of interest on bonds.*

1. Where a resolution of a county board relating to the sale of bonds provided that an advertisement thereof should be published "ten days prior to the sale," the time should be computed as provided in sub. (24), sec. 4971, Stats., by excluding the first day and including the last.

2. *Ward v. Walters*, 63 Wis. 39, so far as it is in conflict with the rule stated in sub. (24), sec. 4971, Stats., overruled.

3. A rule adopted by a county board to the effect that no resolution appropriating money shall be acted upon by the board without first having been referred to and reported back by a proper committee, applies to a resolution offered by a member relating to a matter not referred to and reported upon by a committee, but not to one reported out by a committee to which had been referred the subject matter to which the resolution relates.

4. Where a resolution of a county board authorizing the issuance and sale of bonds provided that the principal of the bonds should be payable at the office of the county treasurer, but did not specify at what place the interest should be paid, the interest is payable where the principal is payable, and the resolution is sufficiently definite in that respect.

APPEAL from an order of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Action to restrain defendants from selling bonds for and erecting a tuberculosis sanatorium. Plaintiff is a taxpayer and a resident of the county of *La Crosse.* The county board of supervisors passed a resolution providing for the purchase of a site and the maintenance thereon of a building and equipment for the treatment of persons suffering from tuberculosis, and providing for the issuance of negotiable bonds of the county of *La Crosse* in the sum of $50,000, the resolution relating to bonds containing, among other provisions, the following:

"Resolved further, that said bonds shall be negotiated and sold by the county chairman, the county clerk, and the county treasurer acting together as a committee, and that ten days prior to the sale thereof they shall cause to be published a notice by advertisement in a newspaper published in the county of *La Crosse* stating the terms of the sale and the date thereof."

The resolution provided further for the levying of a tax, and specified the denominations, maturity, etc., of the bonds, none of its provisions other than the quoted one being brought in question. The court denied plaintiff's application for an injunction restraining the sale of the bonds, and from the order denying the injunction plaintiff appeals. Other facts are stated in the opinion.

The cause was submitted for the appellant on the brief of *Morris & Hartwell* and *A. T. Holmes,* all of La Crosse, and for the respondents on that of *Otto M. Schlabach* of La Crosse.

ROSENBERRY, J.   The committee caused a notice of the sale of said bonds to be published February 24, 25, and 26, 1917, in which notice the sale was set for 11 o'clock a. m. March 6, 1917.   It is claimed that the notice was insufficient because it did not give ten days' notice prior to the time of the sale.

"Section 4273. The time for publication of legal notices shall be computed so as to exclude the first day of publication and include the day on which the act or event, of which notice is given, is to happen or which completes the full period required for publication."

Sub. (24), sec. 4971. "The time within which an act is to be done as provided in any statute, when expressed in days, shall be computed by excluding the first day and including the last, except that if the last day be Sunday it shall be excluded; . . ."

Sec. 1130, Stats., among other things, provided that "the treasurer shall also, at least four weeks previous to said day

[meaning the day of sale], cause to be posted up copies of said statement and notice in at least four public places in such county."

In *Ward v. Walters,* 63 Wis. 39, 22 N. W. 844, the question was whether a notice posted on the 16th of April was posted at least four weeks before the 14th day of May thereafter. It was held that the posting of the notices required by sec. 1130 is not a publication of a legal notice within the meaning of sec. 4273, and that the action was not affected by sec. 34, ch. 140, R. S. 1858 (now sub. (24), sec. 4971, Stats.), which was in force at the time of posting the notices in this case. The court held:

"In the absence of any statutory provision governing the computation of time, the authorities are uniform that where an act is required to be done a certain number of days or weeks before a certain other day upon which another act is to be done, the day upon which the first act is to be done must be excluded from the computation, and the whole number of the days or weeks must intervene before the day fixed for doing the second act." Page 44.

Sec. 30, ch. 144, Laws 1875, being an amendment to the city charter of the city of Milwaukee, provided:

"Every . . . resolution ordering work without a petition therefor shall lie over at least four weeks after its introduction, and no action upon the same shall be taken by the common council if within that time a remonstrance against such proposed improvement shall be presented to the common council," etc.

A resolution was presented at the meeting of the common council of the city of Milwaukee held on the 21st day of January, 1878, and it was adopted by the council at a meeting held on the 18th of February next thereafter. It was claimed that the resolution was not properly adopted because it did not lie over four weeks after its introduction. This court said:

"The resolution was presented to the council when the four weeks expired so that they might act on the same. They evidently construed it, as men ordinarily would, that a week was the period of time extending from Monday of one week to Monday of the next week following, and not until Tuesday of such week, and that the resolution, if introduced on Monday, had laid over four weeks when the fourth Monday thereafter had arrived, .and that they were at liberty to act upon it then. This we think is the rational construction of the act, and clearly within the intention of the legislature." *Wright v. Forrestal,* 65 Wis. 341, 27 N. W. 52.

In *Pittelkow v. Milwaukee,* 94 Wis. 651, 69 N. W. 803, the provision of the charter of Milwaukee hereinbefore referred to, providing that no resolution ordering grading, etc., should be voted upon or passed at any meeting of the common council held within four weeks from the time of its presentation to the common council, was again under consideration.

In the *Pittelkow Case* the conflict between *Ward v. Walters* and *Wright v. Forrestal* was recognized and discussed. *Wright v. Forrestal* was adhered to on the principle of *stare decisis,* especially in view of the fact that it had only a local application.

In *Pinkerton v. J. L. Gates L. Co.* 118 Wis. 514, 95 N. W. 1089, and *Chippewa River L. Co. v. J. L. Gates L. Co.* 118 Wis. 345, 94 N. W. 37, 95 N. W. 954, sec. 1130, Stats., was under consideration, and *Ward v. Walters* was approved.

At the present time we have two rules within the state of Wisconsin for the computation of time, which is certainly not a desirable situation. The rule established by sec. 4273 and sub. (24), sec. 4971, states the rule for the computation of time almost uniformly applied in other states. 49 L. R. A. 681; 15 L. R. A. N. s. 686.

In this and similar cases we think the rule stated in sub. (24), sec. 4971, should be applied, the first day excluded and the last day included, and that the publication, therefore,

was sufficient under the terms of the resolution, and *Ward v. Walters, supra,* is overruled so far as it is in conflict with the rule stated in sub. (24), sec. 4971.

At the time the proceedings were had the county board had adopted certain rules, among which were the following:

"No report, resolution, claim, or demand appropriating money shall be acted upon or a vote taken thereon by the board without first having been referred to a proper committee and then reported back by said committee.

"No rule shall be suspended, rescinded, or amended without the concurrence of two thirds of the members present at any meeting. The rules of parliamentary practice shall govern the proceedings of this board in all places where they are applicable."

It is contended that the proceedings were insufficient for the reason that the resolution authorizing the issuance and sale of the bonds, the purchase of the grounds, and other matters, was not referred to any committee as required by the rule above quoted. Pursuant to a resolution adopted in November, a committee of three was appointed to act with a committee on ways and means to investigate the advisability of constructing a sanatorium and to report at the December meeting. The committee was appointed and at the meeting held in December made an exhaustive report which was accompanied by a resolution. Upon motion duly adopted the report and resolution were made a special order of business during the forenoon session of the day on which the report was submitted. At the time specified the report and resolution were considered and adopted by a vote of twenty-five to nine, three members being absent. By the resolution adopted on that day it was provided that, in addition to providing that the county purchase a site and establish a sanatorium, the same committee be authorized and directed to cause plans and specifications for the building to be made and to procure the approval of the state board of control of the site to be

selected by the committee.    At an adjourned meeting of the
board held on February 8th this committee made a report
showing that they had selected a site which had been ap-
proved by the state board of control, and reported the prog-
ress of the undertaking, together with a resolution to issue
and sell bonds to carry into effect the previous determination
of the board to erect such sanatorium.    The plaintiff in this
action, a member of the board, moved to make the report a
special order of business for 2 o'clock p. m. of that day, and
the report shows that at 2 o'clock, the time specified, under
special order of business the report of the committee and the
resolution were considered and adopted by a vote of twenty
to thirteen, four members being absent, and on the same day
the same board adopted a resolution authorizing the chair-
man to appoint a committee, which was authorized and di-
rected to proceed with the purchase of a site and to provide
for the supervision and erection of the building and authorize
the drawing of orders on the treasurer.

We think in this case the subject matter of the resolution
had been referred to and reported upon by a committee with-
in the meaning of the quoted rule.    When the whole subject
was referred to a special committee and that committee made
a detailed report and reported out a resolution, a reasonable
construction of the rule did not require that the resolution be
again referred to a committee, even though the resolution be
offered by the chairman.    We think the resolution referred
to in the rule is a resolution introduced by a member, relat-
ing to a matter not referred to and reported upon by a com-
mittee, and not one reported out by a committee to which has
been referred the subject matter to which the resolution re-
lates.

The resolution authorizing the issuance and sale of the
bonds did not provide specifically at what place the interest
should be paid.    It provided that the principal of the bonds

should be payable at the office of the county treasurer, and that the bonds should "be in and of the form hereunto attached." No form is shown in the record.

In the absence of a provision specifying that interest shall be payable at some other place, interest is payable where the principal is payable, and the resolution was therefore sufficiently definite in that respect.

*By the Court.*—Order affirmed.

KERWIN, J., dissents.